**STATE of Missouri, Respondent,**

v.

**Haywood L. PALMER, Appellant.**

**No. WD 31870.**

Missouri Court of Appeals,
Western District.

April 13, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 1, 1982.

Application to Transfer Denied July 12, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C.J., and SHANGLER and WASSERSTROM, JJ.

SOMERVILLE, Chief Judge.

Defendant was charged by information with stealing, a class C felony. Section 570.030, RSMo 1978. A jury found defendant guilty and assessed his punishment at five years imprisonment. Following an unavailing motion for new trial and the granting of allocution, judgment was entered and sentence imposed accordingly.

Defendant has not challenged the sufficiency of the evidence. A brief reference to certain conspicuous facts graphically demonstrates that the guilty verdict returned by the jury was supported by substantial evidence. At approximately 1:00 P.M., June 18, 1979, the victim, an eighty-nine year old female, and a vintage female friend, were entering a Safeway Store in Kansas City, Missouri. The victim was carrying a shoulder purse containing $600.00 in currency which defendant wrested from her and then fled on foot to a waiting car by which he made his escape. Defendant was subsequently apprehended and identified at trial as the perpetrator of the offense.

Defendant relies on two points on appeal: (1) the information failed to allege that defendant appropriated the victim's purse "without her consent", thereby rendering it fatally defective and depriving the trial court of jurisdiction to render judgment and impose sentence; and (2) the trial court erred in failing to instruct the jury that they had the option of assessing a fine in lieu of, or in addition to, a term of imprisonment.

■ Defendant's first point requires close scrutiny of the following portion of the information on which he stood trial: "[Defendant] appropriated a ladie's [sic] purse . . . by physically taking it from the person of [the victim] . . ., which said property was owned by [the victim] . . . and with the purpose to deprive her thereof." Section 570.030.1, RSMo 1978, reads as follows: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, *either without his consent or by means of deceit or coercion.*" (Emphasis added.) It is patent that Section 570.030, RSMo 1978, creates but a single offense, namely stealing, which may be perpetrated in one of three ways—without consent, by deceit, or by coercion.[1] Concededly, the information failed to specifically charge that defendant appropriated the victim's purse "without her consent". Defendant contends that

1. Although "without consent" is not defined in Ch. 570, RSMo 1978, "deceit" and "coercion" as used in Section 570.030, RSMo 1978, are statutorily defined in Section 570.010(4), (7), RSMo 1978, as follows:

"(4) *'Coercion'* means a threat, however communicated:

(a) To commit any crime; or

(b) To inflict physical injury in the future on the person threatened or another; or

(c) To accuse any person of any crime; or

(d) To expose any person to hatred, contempt or ridicule; or

(e) To harm the credit or business repute of any person; or

(f) To take or withhold action as a public servant, or to cause a public servant to take or withhold action; or

(g) To inflict any other harm which would not benefit the actor. A threat of accusation, lawsuit or other invocation of official action is not coercion if the property sought to be obtained by virtue of such threat was honestly claimed as restitution or indemnification for harm done in the circumstances to which the accusation, exposure, lawsuit or other official action relates, or as compensation for property or lawful service. The defendant shall have the burden of injecting the issue of justification as to any threat;

"(7) *'Deceit'* means purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind. The term 'deceit' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed. Deception as to the actor's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;"

failure of the information to incorporate the statutory language "without consent" rendered it fatally defective.

The statutory precursors of Section 570.-030, RSMo 1978, are Sections 560.156, RSMo 1959, and 560.156, RSMo 1969. The latter two sections are identical and reflect Senate Bill 27, Sixty-Eighth General Assembly, which consolidated, combined or merged larceny, embezzlement, obtaining money or property by false pretenses, and other kindred offenses against property into one crime denominated "stealing". Paragraph 2 of Section 560.156, RSMo 1959, and paragraph 2 of Section 560.156, RSMo 1969, are identical and read as follows: "It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit."

The present argument asserted by defendant was persistently raised and consistently rejected in a line of cases during the life of Sections 560.156, RSMo 1959, and 560.156, RSMo 1969. Due to the synonymous language in part contained in the previous sections and present Section 570.-030.1, RSMo 1978, "without his consent or by means of deceit . . .", it is appropriate to rely on an array of earlier cases, particularly in view of their sustaining logic, as precedential authority for resolving defendant's first point.

■ The long standing rule for testing the sufficiency of an information is whether or not it states the essential elements of the offense charged so that an accused is adequately apprised of the charge against him and final disposition of the charge will constitute a bar to further prosecution for the same offense. *State v. Stringer*, 357 Mo. 978, 211 S.W.2d 925, 929 (1948); *State v. Tandy*, 401 S.W.2d 409, 412–13 (Mo.1966); *Hodges v. State*, 462 S.W.2d 786, 789 (Mo. 1971); *State v. Downs*, 593 S.W.2d 535, 540 (Mo.1980); and *State v. Barkwell*, 590 S.W.2d 93, 99 (Mo.App.1979).

In *State v. Zammar*, 305 S.W.2d 441, 445–46 (Mo.1957), it was held that an indictment which admittedly did not charge "in express terms that the act of stealing was committed either without the owner's consent or by means of deceit", but which did charge that the accused "[did] steal, take and carry away [property]", obviously described a stealing without the consent of the owner, and was immune from attack on grounds that it was fatally defective.

An information omitting the phrase "without consent" was extensively examined in *State v. Puckett*, 607 S.W.2d 774 (Mo.App.1980). The information was filed under Section 560.156, RSMo 1969, and, insofar as brought under surveillance by the court, charged that "[defendant therein] did . . . appropriate . . . in a manner inconsistent with the rights of the owner . . . by taking the property". There, as here, the accused argued that the information was fatally defective. *Puckett* noted with approval *State v. Newhart*, 503 S.W.2d 62 (Mo.App.1973), which highlighted the distinction between a "fatally defective" information which prevents the acquisition of jurisdiction and an "imperfect" information which charges an offense but fails to "sufficiently apprise defendant of the fundamental particulars of the offense with which he was charged so as to enable him to make his defense." *State v. Newhart, supra*, at 68. After observing that the information before it contained no language which had overtones of "deceit", the court in *Puckett* concluded that the only interpretation which the information was reasonably susceptible of was that the offense of stealing was perpetrated without the owner's consent, thereby vitiating any contention by the accused that it was impossible for him to discern either the nature of the charge or the means by which it was committed. After doing so, the court in *Puckett* held that the information under attack was neither "fatally defective" nor "imperfect" and affirmed the conviction.

In *Emmons v. State*, 621 S.W.2d 329 (Mo. App.1981), movant appealed from an order of the trial court denying him relief in a Rule 27.26 proceeding. One of the grounds relied on was that an information charging him with stealing (Section 560.156, RSMo 1969) was fatally defective, thus depriving the sentencing court of jurisdiction, because

it failed to allege "whether the stealing was accomplished by deceit or without the consent of the owner". The court in *Emmons*, drawing heavily on *State v. Puckett, supra*, observed that the information in question, from an affirmative perspective, alleged that "[accused] did feloniously and burglarously steal, take and carry away certain camera equipment", and, from a negative perspective, contained no language which had overtones of "deceit". After further noting that movant proffered no inability to discern or understand either the nature of the charge of the means by which it was perpetrated, it was held that the information was not fatally defective and that the trial court did not err in refusing to vacate the judgment and sentence for stealing.

◼ The triumvirate of *State v. Zammar, supra, State v. Puckett, supra*, and *Emmons v. State, supra*, raises and supports several conclusions which may be relied on for guidance in disposing of defendant's claim that the information sub judice was fatally defective. First, an information charging stealing is not per se fatally defective because it fails to allege that the offense was committed "without consent of the owner". Second, the absence of any language in an information charging stealing with overtones of "deceit" or "coercion", coupled with the absence of any contention by an accused that he was unable to comprehend the nature of the charge with respect to the means by which it was purportedly committed, are viable considerations in determining the sufficiency of an information for stealing under attack that it was "fatally" defective.

Upon reexamination, the pertinent segment of the controversial information at hand discloses it charged that defendant "*appropriated* a ladie's [sic] purse . . . *by physically taking it from the person* of [the victim] . . ., which said property was owned by [the victim] . . ., and defendant appropriated such property from [the victim] . . . and *with the purpose* to deprive her there-

of." (Emphasis added.) It is free of any language with overtones of "deceit" or "coercion", and defendant, neither below nor on appeal, complained that he was unable to comprehend the nature of the charge of stealing with respect to the means by which it was committed.[2] The fact that defendant was charged with *physically* taking the victim's purse with the purpose of depriving her of it is reasonably susceptible of but one interpretation, i.e., that it was taken without the victim's consent. Any other interpretation would be unreasonable, semantically abortive, and exalt hyper-technicality over hard reality. Moreover, the information at hand is clearly distinguishable in content and evidentiary support from that in *State v. Newhart, supra*, and not within the purview of relief afforded therein.

◼ Defendant also argues that failure of the information to mirror MACH–CR 24.02.1 [Stealing: Without Consent—One Transaction], ipso facto rendered it "fatally" defective. This argument seeks to obliterate the indelible fact that use of pattern charges contained in MACH–CR is recommended rather than mandatory. MACH–CR 1.00 [Supplemental Notes on Use]; and *State v. Mitchell*, 611 S.W.2d 223, 225 (Mo. banc 1981). Although deviations from MACH–CR are not to be treated lightly or condoned, the instant information cannot be said to have been so flagrantly amiss that it was fatally flawed and afforded no basis for the acquisition of jurisdiction.

◼ Defendant's second and final point— that the trial court erred in not instructing the jury that they had the option of assessing a fine in lieu of, or in addition to, a term of imprisonment—affords no basis for appellate relief. Identical points were raised and rejected in *State v. Koetting*, 616 S.W.2d 822 (Mo. banc 1981); *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981); and *State v. Moland*, 626 S.W.2d 368 (Mo.1982).

Judgment affirmed.

All concur.

---

**2.** Lack of such a complaint by defendant is understandable under the statutory definitions of "deceit" and "coercion" (Section 570.010(4),

(7), RSMo 1978) and juxtaposed with both the information and the evidence relied on by the state.