**STATE of Missouri, Respondent,**

v.

**Adolph NEAL, Appellant.**

**No. WD 34142.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

James W. Fletcher, Ann Hall, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Neal was convicted of attempted forcible rape, Section 566.030.2 and sodomy, Section 566.060, RSMo.1980. Punishment was assessed in the form of concurrent 25 year sentences. Neal does not test the sufficiency of the evidence of sodomizing and then attempting to rape a 10-year old girl. The rape was thwarted by two eyewitnesses who shouted at Neal while he was atop the victim whose pants he had pulled down. With his pants down he beat a retreat and was soon discovered by police hiding in some nearby bushes.

Neal's only point on appeal attacks the sufficiency of the count in the amended information on the attempted rape charge which read:

"... attempted to commit the felony of forcible rape, ... in that on or about October 1, 1981, the defendant attempted to have sexual intercourse with [R.W.], to whom [the appellant] was not married, without the consent of [R.W.], by the use of forcible compulsion, and such conduct

was a substantial step toward the commission of the crime of forcible rape upon [R.W.], and was done for the purpose of commiting such rape."

The point is denied—the judgment is affirmed.

Neal admits the information is modeled after MACH–CR 18.02 on attempts which reads:

"The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____ State of Missouri, charge(s) that the defendant in violation Section 564.011, RSMo, committed the class [insert the capital letter for the proper classification of the offense. See Note 3 below.] (felony) (misdemeanor) of an attempt to commit the offense of [name of offense], punishable upon conviction under Section 558.011, RSMo. in that (on) (on or about) [date] the defendant [briefly describe the conduct of the defendant], and such conduct was a substantial step toward the commission of the crime [name of offense with sufficient details to identify the person or property involved, such as 'rape upon Susan Doe' or 'burglary in the first degree of such building'], and was done for the purpose of committing such [name of offense attempted, such as 'rape' or 'burglary']."

In paragraph 4 of the Notes, the directions are given for the description of the "substantial step" to constitute an attempt.

"The conduct required for an attempt is a 'substantial step' toward the commission of the object crime. If the conduct constituting the substantial step is actually trying to achieve the result of the object crime, it may be described in general terms, such as 'shot at John Doe,' 'tried to have sexual intercourse with Susan Doe,'"

Neal's point of error fails to show any deviation from what is suggested and how this information was drafted. *See State v. Dentman,* 588 S.W.2d 508, 510 (Mo.App. 1979).

The state notes under the concurrent sentence doctrine, as recently enunciated in *State v. Davis,* 624 S.W.2d 72, 77 (Mo.App. 1981), since the sentences here were concurrent and Neal only complains of one conviction, he could be afforded no relief even if there were a ruling in his favor.

 It should also be noted, contrary to Neal's contention, "[T]he words used in the amendment were not sufficiently detailed enough to give appellant any possible idea as to what he was to defend himself against," his remedy was not a belated attack on the information, but to ask for a bill of particulars under Rule 23.04. In the absence of such a motion it must be assumed he was satisfied the information informed him of the facts and particulars of the offense. *State v. Dick,* 636 S.W.2d 425, 428 (Mo.App.1982). The information here was sufficient to apprise Neal of the charge and to act as a bar to further prosecution. *State v. Palmer,* 634 S.W.2d 521, 523 (Mo. App.1982); *State v. Singleton,* 602 S.W.2d 3, 7 (Mo.App.1980).

The judgment and sentence are affirmed.

All concur.