STATE of Missouri,
Plaintiff-Respondent,

v.

Calvin BAKER, Defendant-Appellant.

No. 13291.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 1984.

John D. Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Stewart, Public Defender, Bolivar, for defendant-appellant.

GREENE, Judge.

Calvin Baker was jury-tried and convicted of the class C felony of stealing two chain saws, a fence stretcher and a post maul of the value of over $150. The jury recommended a sentence of 7 years' imprisonment, which was reduced by the trial court to 4 years. The trial court suspended the sentence and placed Baker on three years' probation.

On appeal, Baker alleges that the trial court erred in denying his motions 1) for judgment of acquittal which alleged insufficient evidence to establish the crime charged, 2) for a continuance based upon the unavailability of a witness, and 3) to limit the state to a definite date of the theft, the information alleging it occurred on or about November 28, 1982.

Evidence introduced at trial sufficient to sustain the jury verdict was that in November of 1982, James Kerr, who lived on a 160-acre farm in Hickory County, Missouri, owned two chain saws. One was a Homelite saw, which Kerr valued at approximately $160, while the other was a Stihl Boss 41, valued by him at approximately $300. The Stihl saw was kept in Kerr's pickup truck and the Homelite saw, used by his wife, was kept in the house.

On Tuesday of the week before Thanksgiving, Kerr was out of town on business. Mrs. Kerr and house guests Bill and Joy O'Neal, who lived in California, went to some property owned by the O'Neals in the area to "cut out some fence row." Both saws were used in the process. When they returned to the Kerr home, the Homelite saw was taken into the house, while the Stihl saw was left in the truck. Mrs. Kerr then "went to the city" the next morning. The O'Neals evidently left for the day. When Mrs. Kerr returned home on Thursday, the O'Neals, who had returned to the house Wednesday evening, told her the Homelite saw was gone. She assumed that some of her relatives had borrowed it, but found out later they had not. Kerr returned from his business trip the day before Thanksgiving. The Saturday after Thanksgiving, which was November 27, Kerr was going to cut some wood and discovered the Stihl saw was also missing, as well as a box of hand tools, the post maul driver and the fence stretcher.

Investigation revealed that a Roland Elliott, who lived near Elkton, Missouri, had purchased the Stihl saw from Baker at a store in Elkton for $50. Elliott could not remember when he had purchased the saw. In his trial testimony, Baker said he sold the saw to Elliott on November 20, having purchased it the day before from a man he did not know for $10. He admitted being at the Kerr home on the 18th or 19th, but that no one was home. He denied stealing anything from the Kerrs. The O'Neals, having returned to California, did not testify at trial.

■ The evidence was sufficient from which reasonable minds could conclude Baker was guilty as charged. Even though the case against Baker was circumstantial, the facts and circumstances in evidence relied on by the state were consistent with each other and with the hypothesis of Baker's guilt and inconsistent with his innocence. *State v. Prier*, 634 S.W.2d 197, 199 (Mo. banc 1982).

■ Baker's recent exclusive possession of the Stihl saw supported a submission, under the circumstances, that he stole it. *State v. Pickett*, 642 S.W.2d 703, 705 (Mo.App.1982). Possession of some of the

property stolen supports an inference of theft of all of it. *State v. Burrage,* 418 S.W.2d 101, 106 (Mo.1967). The explanation for Baker's possession of the stolen saw was for the jury [*State v. Pickett,* supra, 642 S.W.2d at 705], as was the question of the value of the Stihl chain saw. *State v. Willis,* 328 S.W.2d 593, 594 (Mo. 1959). An owner's opinion of the value of stolen goods is sufficient to take the issue to the jury. *State v. Eiland,* 633 S.W.2d 302, 303 (Mo.App.1982). Baker's contention that the evidence was insufficient to sustain the conviction has no merit.

■ Baker next contends that the denial of his motion for a continuance because of the unavailability of witness Bill O'Neal was prejudicial to his defense. Applications for a continuance are addressed to the sound discretion of the trial court [*State v. Oliver,* 572 S.W.2d 440, 445 (Mo. banc 1978)], and unless the trial judge's ruling constituted a clear and certain abuse of discretion, the ruling on the motion should not be overturned on appeal. *State v. Winston,* 627 S.W.2d 915, 917–918 (Mo. App.1982). Baker did not subpoena O'Neal, or allege in his motion for continuance what favorable testimony O'Neal would have given, had he been available to testify as Baker's witness.

In her testimony at trial, Mrs. Kerr said the Homelite saw was taken from her home on Wednesday, the week *before* Thanksgiving, which was November 17, and that she and the O'Neals had cut wood with the Homelite and Stihl saws the day before, which would have been November 16. There is nothing in the record to show that O'Neal, or anyone else at the Kerr home, saw or used the Stihl chain saw after that time. Baker was in possession of the Stihl saw on Saturday, November 20, when he sold it to Elliott. We are at a loss to understand what O'Neal could have testified to that would have varied those facts, had he been available as a witness. There is nothing in the record to indicate that a different result would have been reached by the jury had O'Neal testified. This be-

ing so, the point has no merit. *State v. Bolden,* 525 S.W.2d 625, 631 (Mo.App. 1975).

For his final point of claimed error, Baker argues that he relied on the defense of alibi, and that it was impossible to properly raise such a defense when the state was "allowed an open ended date of a three week period" to show when the personal property items were stolen from the Kerrs.

This statement is at odds with the facts. Mrs. Kerr testified that the saws were last seen at the Kerr home on November 17. The Stihl saw was sold by Baker to Elliott on November 20. We are talking about 4 days, rather than three weeks in which the saws could have been stolen. In addition, Baker knew he came into possession of the saw on the 19th. It therefore seems to us that if Baker could have satisfactorily accounted for his time from November 17 through November 19, it might have sufficiently impressed the jury to give credence to his alibi defense. He did not do so, and suffered the consequences.

■ An indictment or information is not defective for alleging, as here, that a crime occurred on or about a certain date. *State v. Murray,* 609 S.W.2d 192, 196 (Mo.App. 1980). There is nothing in the record to indicate Baker requested, through a bill of particulars, Rule 23.04,[1] that the state allege on what particular date, and at what particular time the articles were stolen.

■ A reviewing court is entitled to assume, in the absence of a motion for a bill of particulars, that defendant is satisfied the charging document fully informs him as to the claimed facts of the offense. *State v. Davis,* 624 S.W.2d 72, 76–77 (Mo. App.1981). Failure to file a motion for a bill of particulars waives the right to later complain of lack of detail in the information [*State v. Briggs,* 435 S.W.2d 361, 363 (Mo.1968)], provided the alleged lack of detail does not render the information wholly insufficient. *Holtkamp v. State,* 588 S.W.2d 183, 186 (Mo.App.1979). Under

1. Missouri Rules of Court, V.A.M.R.

the facts here, failure to pinpoint a certain date and time when the saws and other property were stolen did not render the information wholly insufficient. The point has no merit.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.