**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Joseph Edward FULTS,
Defendant-Appellant.**

No. 48785.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 2, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 8, 1986.

Application to Transfer Denied
Nov. 18, 1986.

William L. Webster, Atty. Gen., Kevin Bradley Behrndt, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Marsha Brady, Almond, Williams & Brady, P.C., Hillsboro, for defendant-appellant.

SIMON, Judge.

Defendant, Joseph Edward Fults, was convicted by a jury in the Circuit Court of Jefferson County, Missouri of one count of rape, § 566.030 RSMo Supp.1984; two counts of sodomy, § 566.060 RSMo Supp. 1984; and one count of incest, § 568.020 RSMo Supp.1984, and received sentences of 25 years for rape, 5 years for each count of sodomy and 5 years for incest, said sentences to run consecutively.

Defendant does not challenge the sufficiency of evidence. Thus, a brief rendition of the facts will suffice.

Defendant's fifteen year old daughter lived with defendant and her younger brother in a house trailer situated in Jefferson County, Missouri. On the evening of September 20, 1983, defendant went out drinking and returned home intoxicated in the early morning hours. Defendant entered his daughter's room. Defendant awakened her and demanded she let him get in bed with her. She refused and left the room. Defendant followed her and forced her back into the room, pulling her arm and hair. He demanded that she remove her clothing and repeatedly threatened to hurt her if she did not comply. She removed her clothes and was forced by defendant to lie on the bed and orally sodomize him. Defendant licked his daughter's genitals, raped her, and forced her to orally sodomize him a second time. She was finally able to escape to a neighbor's trailer. The police were called and defendant was arrested the next day.

Defendant appeals his conviction. On appeal, defendant argues that the trial court erred: (1) in certifying the trial transcript as a true and accurate representation of the proceedings of the trial; (2) in denying defendant's motion for change of venue; and, (3) in submitting instructions, on

Counts II and III (sodomy), based on a defective amended information.

The gravamen of defendant's first point is that the trial transcript is not true and accurate and that he is, therefore, denied meaningful appellate review. Defendant's trial was April 23 and 24, 1984. The transcript was not filed with this court until June 3, 1985. Personal problems prevented the official court reporter from transcribing stenographic notes of defendant's trial. Eventually, the transcript was prepared by a St. Louis County court reporter by reading the stenographic notes of the official court reporter. The trial court reporter reviewed the transcription and certified the transcript as "a true and accurate transcription of my stenographic notes taken of said proceeding."

The parties could not agree that the transcript was correct. We ordered the trial court to resolve the dispute. The trial court ordered the parties to file objections to any inaccuracies and omissions. On November 12, 1985, after reviewing the alleged errors raised by defendant (the state approved the transcript in toto), the trial court ordered some corrections and certified the transcript, with the corrections, as "a true and accurate representation and transcription of the proceedings." The trial court's action, in this regard, was in accordance with Rule 30.04(g), which provides in pertinent part:

> If there is any dispute concerning the corrections of any legal file or transcript, or if the parties fail to agree within a reasonable time as to its corrections, the legal file or transcript shall be settled and approved by the trial court.

Defendant's position is that the passage of eighteen and one-half months between his trial and the trial judge's review and certification of the transcript denies him meaningful review. In support of this position defendant argues that the trial judge, subject like all humans to frailties in memory, could not have recalled the proceedings exactly as they transpired and that the transcript is still in error.

■ In *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974), our Supreme Court stated that "[a] losing party is entitled to appellate review based upon a full, fair and complete transcript on appeal." However, a transcript that is defective in its accuracy or its completeness does not automatically require reversal. In order to obtain a retrial, an appellant must show: (1) that he or she exercised due diligence to correct the transcript's accuracy or to supply an omission; *and* (2) that he or she is prejudiced as a result of the inability to present an accurate and true record. *State v. Borden*, 605 S.W.2d 88, 92 (Mo. banc 1980). *See also Lawton-Byrne-Bruner Ins. Agency Co. v. Air-Flight Cab Co.*, 479 S.W.2d 218, 220 (Mo.App.1972) and cases cited therein.

■ Defendant has met the first requirement by filing his objection to the correctness of the trial transcript with the trial court. The objection contained fifty allegations of transcript error. Additionally, prior to the trial court's certification of the transcript, defendant filed a motion in opposition thereto. We conclude that defendant's actions constituted due diligence. As to the second requirement, however, defendant fails to show how he was prejudiced as a result of the allegedly defective transcript. We have reviewed the claimed defects in the transcript, and as the state points out, the defects are not material. We find that if the claimed defects exist, they are insufficient to prejudice defendant's rights.

Defendant has boldly asserted that "[t]he absence of a full and correct transcript precludes a meaningful review of [his] trial." This mere conclusory assertion is insufficient to show prejudice. *State v. Borden*, 605 S.W.2d at 92. Specific instances of prejudice must be averred. This is necessary so that a reviewing court can decide whether it is possible to fairly and accurately evaluate an appellant's points, in light of the defective transcript claim. *State v. Brown*, 690 S.W.2d 161, 163 (Mo. App.1985) (citing *Richeson v. Hunziker*, 349 S.W.2d 50, 55–56 (Mo.1961). Here, on

appeal, defendant's only other specific allegations of trial court error are: (1) that the trial court denied his change of venue motion; and (2) that the sodomy instructions were based on defective amended information. He has not alleged that the transcript is defective in these areas. Therefore, finding no prejudice, defendant's first point is without merit.

Defendant's second point is that the trial court erred in denying his motion for change of venue. Defendant argues that since the state's denial of the reasons alleged by defendant in his motion for a change of venue was not timely filed, and the state was not excusably negligent for so doing, the trial court was bound to sustain the motion under Rule 32.04(e) and Rule 20.01(b).

Rule 32.04(e) provides as follows:

*The state may, within five days after the filing of the application for a change of venue,* file a denial of the existence of the reason or reasons alleged in the application. Such denial need not be verified. If a denial is filed, the court shall hear evidence and determine the issues. If the issues are determined in favor of the defendant, or if the truth of the grounds alleged is within the knowledge of the court, *or if no denial is filed, a change of venue shall be ordered to some other county convenient to the parties and where the reason or reasons do not exist.* (emphasis added).

Rule 20.01(b) provides:

When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the court for cause shown may at any time in its discretion* (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;* but the court may not enlarge the period for filing a motion for new trial or for taking an appeal as provided by these rules. (emphasis added).

Defendant filed his motion for change of venue on December 22, 1983. On January 6, 1984, the state filed its denial along with a request for leave to file out of time. Based on the computation rule set forth in Rule 20.01(a) the last date on which the state could have filed its denial within the time allotted by Rule 32.04(e) was Friday, December 30, 1983, excluding December 24, 25, and 26. The state filed its denial on January 6, 1984.

As noted, along with its denial, the state made its request for leave to file out of time. This request was made pursuant to Rule 20.01(b). The state claimed that the reason it filed late was due to the Christmas and New Years holidays. Defendant asserts that this reason is insufficient to establish excusable neglect as required by Rule 20.01(b) and that the court abused its discretion by allowing the state to file its denial without such a showing.

The parties have not cited, nor has our research produced a Missouri case in which the parameters of "excusable neglect" under Rule 20.01(b) have been defined. Excusable neglect is of necessity an elastic concept. Whether it is present in any given case depends on the facts involved.

Examining the federal counterpart to Missouri Rule 20.01(b), we find the federal courts have held in construing Fed.R.Civ.P. 6(b) that excusable neglect "requires that demonstration of good faith by the parties seeking the enlargement and it must also appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Law Litigation,* 493 F.2d 1288, 1290 (10th Cir. 1974); Wright and Miller, Federal Practice and Procedure § 1165 (1969).

We endorse these requirements. The party seeking enlargement of time must do so in good faith. The tardiness in acting must not be part of a strategy designed to gain a tactical advantage. The party seeking the enlargement must also

have a reasonable basis for not acting in the time in which it was required to do so. This must be more than mere inadvertence or oversight. Additionally, the trial court must consider one other factor in deciding whether excusable neglect exists. Prejudice to the opposing party, resulting from the enlargement of time, should be factored into the decision. Included in this consideration is inconvenience, costs in time and money, and surprise.

■■ The determination as to whether neglect is "excusable" in a particular case rests with the sound discretion of the trial judge. If after having considered the aforementioned factors the trial court finds excusable neglect, the ruling will be upset only if its discretion is abuse. *See Davidson v. Keenan*, 740 F.2d 129, 132 (2nd Cir.1984); *Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2nd Cir. 1974).

■■ Here, we cannot conclude that there was an abuse of discretion. There is no evidence that the state did not act in good faith in seeking the extension of time. We will not presume the contrary. The trial court evidently found that the state's reason for the delay to be reasonable. The trial court is in a better position to determine whether the holiday season represented a valid excuse given the demands made upon the prosecuting attorney's office and the nature of the case, than a reviewing court. Finally, we cannot conclude that defendant was prejudiced by the denial of his application for change. Defendant failed to present any evidence supporting his application for change. Nor did defendant examine the veniremen concerning community prejudice during voir dire. Thus, the record is barren of any indication that defendant was prejudiced by the denial of his motion for a change of venue. Defendant's second point is not meritorious.

Defendant's third point is that he was convicted on a defective amended information as to Counts II and III. Counts II and III of the amended information are identical. They charge defendant with the Class b felony of sodomy and read as follows:

The Prosecuting Attorney of the County of Jefferson, State of Missouri, charges that the defendant, in violation of Section 566.060 RSMo, committed the Class B felony of sodomy, punishable upon conviction under Section 566.060.2, RSMo, in that on or about September 11, 1983, in the County of Jefferson, State of Missouri, defendant had deviate sexual intercourse with [daughter] without the consent of [daughter] by the use of forcible compulsion.

Defendant argues that because sodomy can be committed by any of several methods (genitals and mouth, genital and tongue, genital and hand, and genitals and anus, § 566.010 RSMo 1978) the information should have charged one or more of the methods, and that the methods charged should be among the methods submitted in the verdict directing instructions. Defendant's point is without merit.

■■ We note that neither at trial nor in his motion for new trial did defendant object to the sufficiency of the information. Additionally, there is nothing in the record to indicate defendant requested, through a bill of particulars, Rule 23.04, the details of each charge. This was the appropriate remedy. Failure to file a motion for a bill of particulars waives the right to later complain of lack of detail in the information, provided the alleged lack of detail does not render the information wholly insufficient. *State v. Baker*, 676 S.W.2d 900, 902 (Mo. App.1984).

■■ In the instant case, the information was sufficient to apprise defendant of the offense. Counts II and III of the amended information track identically MACH–CR 20.08 for sodomy. Rule 23.-01(e) provides that all informations which are substantially consistent with the forms of informations which have been approved by the Missouri Supreme Court shall be deemed to be adequate in its specificity and definiteness under Rule 23.02(b). Thus, we conclude that the information was not wholly insufficient. Additionally, in the ab-

sence of a motion for a bill of particulars, it must be assumed that the defendant was satisfied that the information informed him of the facts of the offense. *State v. Neal*, 661 S.W.2d 844, 845 (Mo.App.1983). There was no such motion. Thus, we find that the information was sufficient to apprise defendant of the charges and to act as a bar to further prosecution.

Affirmed.

KAROHL, P.J., and GARY M. GAERT-NER, J., concur.