**STATE of Missouri, Respondent,**

v.

**Joseph G. OWENS, Jr., Appellant.**

**No. WD 39101.**

Missouri Court of Appeals,
Western District.

Sept. 22, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 27, 1987.

Application to Transfer Denied
Dec. 15, 1987.

William E. Erdrich, St. Joseph, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

PER CURIAM.

Owens was charged with sodomy, § 566.060 RSMo Supp.1984, in connection with an incident in which a convenience store clerk was forced at knife point to engage in an act of deviate sexual intercourse. He was convicted by a jury and sentenced to fifteen years imprisonment. He now appeals, presenting three claims of error. First, Owens challenges the adequacy of the information. Second, he attacks the trial court's failure to provide a full panel of prospective jurors. Third, he challenges the court's failure to, *sua sponte*, order a new trial after learning that subsequent to the trial the victim made statements contradicting portions of her trial testimony.

Because Owens is correct in his contention that the information was fatally defec-

tive, the judgment must be reversed and the case remanded.

■■■ The purpose of the charging instrument is to inform the accused of the charges against him so that he may prepare an adequate defense and plead former jeopardy in the event of acquittal and to permit the trial court to decide whether sufficient facts are alleged to support conviction. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). As the state notes, Missouri law deems the charging instrument to be jurisdictional. Thus, if the information is insufficient, the court acquires no jurisdiction and whatever transpires after its filing is a nullity. *Id.* An information is sufficient if it clearly apprises the defendant of the facts constituting the offense and contains all of the essential elements of the offense as set out in the statute. *Id.*

The information in the case at bar charged that:

> JOSEPH G. OWENS, JR., in violation of Section 566.060, RSMo, committed the class B felony of Sodomy, punishable upon conviction under Section 558.011.-1(2), RSMo, in that on or about the 15th day of September, 1986, in the County of Buchanan, State of Missouri, the defendant, had deviate sexual intercourse with [the victim], without the consent of [the victim], by the use of forcible compulsion.

The statute, § 566.060 RSMo Supp.1984, provides that: "A person commits the crime of sodomy if he has deviate sexual intercourse with another person *to whom he is not married*, without that person's consent by the use of forcible compulsion." (Emphasis ours) *See also* MACH–CR 20.-08. The nonmarriage of the victim and the perpetrator is an essential element of the crime of sodomy, *State v. Thurber*, 625 S.W.2d 931, 933 (Mo.App.1981); thus, its omission from the information rendered that charging instrument defective.

Conceding that the information was technically deficient, the state argues that, under the facts of this case the omission was not prejudicial and that the omitted element was inferentially supplied by the statutory reference to the charged offense contained in the information. In *Gilmore*, the court rejected a similar argument, noting that an omitted essential element cannot be supplied by intendment or implication and that inclusion of the statutory reference of the offense sought to be charged as required by Rule 23.01(b)(4) does not modify the requirement of Rule 23.01(b)(2) of allegation of the essential facts constituting the offense. *Gilmore, supra,* at 629.

Taking another approach, the state cites *State v. Fults*, 719 S.W.2d 46, 50 (Mo.App. 1986), for the proposition that the information was sufficient to warrant affirmance despite its failure to allege the element of nonmarriage. In *Fults*, the defendant attacked the sufficiency of the information charging him with sodomy on the ground that it failed to allege the specific type of deviate sexual intercourse which was claimed to have occurred. The information, as set forth in the appellate opinion, *Id.*, parallels the one in the instant case. Thus, because the Eastern District upheld the information's adequacy in *Fults*, the state argues that we should do likewise here. *Fults* is not dispositive of this appeal. It does not address the question of sufficiency of the information in terms of the omission of an essential element.

The *Gilmore* decision when considered in light of *Thurber*'s identification of nonmarriage as an essential element of sodomy constitutes binding precedent governing the issue presented here. In the absence of an allegation that Owens and the victim were not married, the information was fatally defective, the trial court never obtained jurisdiction and the conviction is a nullity. The judgment is therefore reversed and the cause remanded with directions that a dismissal be entered. The additional points raised on appeal need not be addressed as we are confident that the alleged errors are not subject to recurrence.

Judgment reversed and the cause remanded for a dismissal.