**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Denise SINNER, Defendant/Appellant.**

**No. 55445.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Darrill S. Beebe, St. Charles, for defendant/appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

SATZ, Judge.

Defendant appeals her conviction for failure to file a state income tax return, with intent to defraud, in violation of § 143.931 RSMo 1986. She was sentenced to one year and fined $10,000. We affirm.

Defendant filed no Missouri income tax return for 1986. From July of that year until February, 1987, a St. Louis law firm employed defendant as a bookkeeper at an annual salary of $23,000. In that capacity, defendant was responsible for writing checks on several of the law firm's bank accounts. Defendant admits she wrote checks to herself from the firm's accounts and cashed them. The total amount of the checks was about $130,000; for 1986, the total was at least $73,000.

Defendant testified the senior shareholder in the law firm granted her permission to write herself these checks because of an alleged sexual affair between her and the shareholder. The law firm fired defendant in February, 1987. Subsequently, she was charged with failure to file a state income tax return, with intent to defraud. § 143.931.[1]

Defendant makes several arguments on appeal. Most of these rest upon her basic argument that the trial court and the prosecutor misinterpreted § 143.931. Defendant's basic argument is flawed, and, thus, defendant's corollary arguments are likewise flawed.

Under § 143.931, "[a]ny person required to make a return ... who willfully with intent to defraud fails to ... make such return" is subject to a fine or imprisonment or both. In almost any context, the definition of the term "willful" has plagued our courts. *See, Comment to 1973 Proposed Code, Culpable Mental State,* § 512.016. At times, prior to our

---

1. In another case, defendant was charged with stealing over $150.00. All statutory references are to RSMo 1986, unless stated otherwise.

present Criminal Code, it was said the use of the term "willful" in criminal statutes simply means "intentional", *State v. Adams*, 532 S.W.2d 524, 527 (Mo.App.1976) and, at other times, either "intentionally" or "knowingly." *State v. Marston*, 479 S.W.2d 481, 484 (Mo.1972). Our Criminal Code does not expressly define "willful." We think a sensible definition is reached by the federal courts in defining the term "willful", as used in the federal statute making the willful failure to file a federal income tax return a crime. 26 U.S.C. § 7203. "Willful", as used in § 7203, means the intentional violation of a known duty. *United States v. Rifen*, 577 F.2d 1111, 1113 (8th Cir.1977). We hold the term "willful", as used in § 143.931, means an intentional failure to file a tax return known to be legally required. Thus, a Missouri taxpayer does not commit the "crime" of willful failure to file a state tax return, § 143.931, if the taxpayer either inadvertently forgets to do so or fails to file a return because of a mistaken but bona fide belief that no return was due.

■ § 143.931, however, not only requires a willful failure to file a return, but also requires an "intent to defraud." Defendant equates Missouri's statutory "intent to defraud" with the "attempt to evade or defeat" federal income tax made criminal by the United States Revenue Code. 26 U.S.C. § 7201. Under federal law, defendant argues, an "attempt to evade or defeat" federal income tax requires proof not only of "willfulness", but also of "the existence of a tax deficiency" and of "an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882, 888 (1965). Since Missouri's "intent to defraud" is equivalent to the federal "attempt to evade or defeat" income tax, defendant reasons, proof of willful failure to

file a Missouri return with "intent to defraud" requires proof not only of willfulness, but also proof of a tax deficiency and of some affirmative act from which the inference of an "intent to defraud" can be made. We disagree.

■ Defendant's contention that Missouri's failure-to-file law and the federal tax evasion law are equivalent is fundamentally flawed. Both Missouri statutes and the United States Internal Revenue Code draw a distinction between a willful failure to file a tax return, § 143.931 RSMo, 26 U.S.C. § 7203, and a willful attempt to evade or defeat income tax, § 143.911 RSMo, 26 U.S.C. § 7201. Missouri treats both offenses as felonies, punishable by identical penalties. Under the Internal Revenue Code, however, attempted tax evasion constitutes a felony, while failure to file is only a misdemeanor. If any Missouri statute is to be interpreted consistently with the federal tax evasion statute, it should be the Missouri tax evasion statute, § 143.911, whose language is practically identical to that of its federal counterpart. 26 U.S.C. § 7201.[2]

Moreover, the federal court's insistence on proof of an act of commission to show tax evasion is derived from the federal statutory scheme and language used. Thus, the United States Supreme Court noted:

> The difference between willful failure to pay a tax when due, which is a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define.

*Spies v. United States*, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418, 422 (1942).

But, the Court noted it is the "attempt" to evade or defeat income tax which is made a felony. Therefore, the Court reasoned, the

---

2. § 143.911 RSMo provides in pertinent part: "Any person who willfully attempts in any manner to evade or defeat any [income] tax shall ... be fined not more than $10,000, or be imprisoned in the county jail for not more than one year or by not less than two nor more than five years in the state penitentiary or by both fine and imprisonment ..."

Likewise, 26 U.S.C. § 7201 provides: "Any person who willfully attempts in any manner to evade or defeat any [income] tax ... shall ... be guilty of a felony and ... shall be fined not more than $100,000 ... or imprisoned not more than five years, or both ...".

use of the term "attempt" reflects Congress' intent to have this felony statute reach only "affirmative action," as opposed to the "willful but passive neglect of . . . statutory duty" which constitutes the § 7203 misdemeanor. *Id.* at 498–499, 63 S.Ct. at 367–368. Even though § 7201 prohibits attempts to evade or defeat tax "in any manner," a "positive attempt" is necessary in order to elevate that crime from the "lesser [7203] offense . . . to the degree of felony." *Id.* at 499, 63 S.Ct. at 368. However, as shown by the identical punishment prescribed for violations of § 143.931 and § 143.911, the Missouri legislature obviously considers willful omission to file a required income tax return with intent to defraud to be as serious as willful attempt to evade or defeat income tax.

■ More important, perhaps, "intent" is a fact which, more often than not, must be and is proved by circumstantial evidence. Proof that a taxpayer's income triggered the statutory duty to pay Missouri's income tax, § 143.481(1),[3] supports the inference that the taxpayer knew he had that affirmative duty. Given these facts, additional proof showing the taxpayer failed to file a tax return, despite knowledge of his duty to do so, supports the inference the taxpayer made a conscious choice not to file the return. Those facts plus proof that the taxpayer realized he actually owed taxes, support the further inference the taxpayer made the conscious choice not to file a tax return for the purpose of depriving the state of its lawful right to the taxes due. And, the basis of fraud is depriving someone of his lawful right, interest or property by fraudulent means. *See, e.g. State v. Harris*, 313 S.W.2d 664, 670 (Mo.1958). We see no logic, useful purpose or statutory implication requiring the *intent* to employ fraudulent

means be shown by acts of commission rather than by a conscious omission.

■ Defendant contends the information charging her is fatally defective because it fails to allege any affirmative act showing her intent to defraud. This contention reflects defendant's misinterpretation of § 143.931. As shown, an affirmative act demonstrating fraud is not an element of a § 143.931 offense.

■ Defendant also contends the information's use of the term "intent to defraud" was too vague to enable her to prepare her defense. This contention also has no merit.

■ An information is sufficient if "it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense." *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983), *cert. den.*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). An information which tracks the language of a statute describing "the entire offense by setting out the facts constituting it" is necessarily sufficient. *State v. Hassler*, 449 S.W.2d 881, 884 (Mo. App.1969). A defendant is, however, entitled to specific factual allegations, rather than mere recitations of statutory language, when a statute defines an offense "in generic terms" applicable to a wide variety of fact patterns. *State v. Mondaine*, 646 S.W.2d 372, 374–75 (Mo.App. 1982).

■ The information filed against the defendant tracks the language of § 143.931.[4] It does not define the offense in generic terms. Even if the information contained inadequate detail, defendant could have obtained the requisite detail by filing a motion for a bill of particulars. *State v. Baker*, 676 S.W.2d 900, 902 (Mo.

---

**3.** Section 143.481(1) imposes the duty to file a state income tax return upon every Missouri resident who is required to file a federal income tax return and who has a Missouri adjusted gross income of $1,200 or more.

**4.** In pertinent part, the information charged: "the defendant, in violation of § 143.931, RSMo, committed the offense of Failure to File a State Income Tax Return, . . . in that on April 15, 1987, the defendant was a person who, pursuant to § 143.481, RSMo, was required to file a State Income Tax Return for the year 1986 and, willfully with intent to defraud, failed to file said return within the time required . . . and further failed to seek an extension to file . . .".

App.1984). Defendant failed to do so and, therefore, waived her "right to later complain of lack of detail in the information." *Id.*

Defendant next contends the state failed to make a submissible case. This contention is also based upon defendant's misinterpretation of § 143.931. The state's case was clearly submissible.

■ To determine submissibility, we view the evidence and permissible inferences in the light most favorable to the verdict and disregard all contrary evidence and inferences. *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983). We then determine whether the evidence, so viewed, was sufficient for reasonable persons to find the defendant guilty as charged beyond a reasonable doubt. *State v. Porter,* 640 S.W.2d 125, 126 (Mo.1982). If the state's case was in part based upon circumstantial evidence, that evidence must be consistent with guilt and inconsistent with any reasonable theory of innocence. *State v. Rodden,* 728 S.W.2d 212, 213 (Mo. banc 1987). The record, so viewed, does support the jury's finding that defendant willfully failed to file a required state income tax return with intent to defraud.

■ There was direct evidence that defendant's failure to file was willful within the meaning of § 143.931. As previously indicated, willfulness means an intentional failure to perform a known legal duty. Defendant, a financial planner familiar with tax law, concedes knowing that her state tax return was due on April 15, 1987. Defendant also acknowledges her decision not to file was intentional. This evidence shows defendant intentionally violated her known duty to file a tax return.

Defendant's "intent to defraud" was then shown by this willful failure to file a return despite defendant's additional admission that she knew stolen money constitutes income taxable to the thief. In addition, Linda Spencer, a former criminal investigator for the Missouri Department of Revenue, testified that defendant would have owed $3,761 in state income taxes for the 1986 fiscal year, if the proceeds allegedly appropriated from the law firm's oper-

ating account had been included in defendant's gross income.

Moreover, there was sufficient circumstantial evidence to show defendant had stolen money from the law firm. Neither defendant nor the senior shareholder from whom defendant claimed to have received consent to write herself checks was an authorized signatory on those law firm's accounts from which defendant wrote herself a number of checks. Defendant's bookkeeping position afforded her the opportunity not only to embezzle funds from that account, but also to forestall discovery of the embezzlement. Defendant had regular access to blank checks on the account. Blank checks were found in defendant's home, although defendant had no authority to remove checks from the office. The firm's copies of several checks which defendant had written to herself disappeared; as bookkeeper, defendant initially received bank statements on the operating account, including cancelled checks. All this evidence, viewed in the light most favorable to the verdict, makes a submissible case that defendant willfully failed to file a 1986 state income tax return in order to defraud the state of lawful tax revenue.

However, defendant argues no submissible case was made because, to her, the circumstantial evidence was also consistent with a reasonable theory of innocence. Defendant's theory of innocence was that her 1986 income was, in part, a gift from the law firm's senior shareholder. Defendant said she treated those proceeds as a nontaxable gift and calculated the state would have owed her a tax refund. Moreover, her "main reason" for not filing, she said, was "advice of counsel."

Defendant submits this theory as a "reasonable" theory of innocence inconsistent with the state's circumstantial evidence. The critical word in this contention is: "reasonable." Defendant's theory is only reasonable if our scope of review is turned on its head, and the evidence is viewed most favorably to defendant rather than most favorably to the verdict. This inverted view of the evidence may suit defen-

dant. It does not, however, fit within our powers. *State v. Porter, supra.*

Defendant next complains of instructional error. This claim is not preserved for appellate review, because defendant failed to assert this error in her motion for a new trial. *State v. Fetty,* 654 S.W.2d 150, 155 (Mo.App.1983). We consider defendant's claim, however, under the plain error doctrine. *State v. Mason,* 657 S.W.2d 40, 44 (Mo.App.1983).

■ Defendant first contends the trial court committed plain error by failing to define the terms "willful" and "intent to defraud" in the verdict directing instruction. Defendant's characterization is incorrect. There was no error at all in the failure to define these terms.

There is no approved instruction for a violation of § 143.931. *See,* MAI–CR3d (1987). The verdict directing instruction submitted by the court accurately sets out the requisite elements of the offense. (See Instruction 5, *infra.*) Moreover, defendant never requested any definition of "willful" or "intent to defraud" be given nor did she submit definitions of these terms. *See,* Rule 28.02(b). Furthermore, no definition of these terms appear in the definitions set out in MAI–CR3d. MAI–CR3d 333.000.

■ Defendant also contends the verdict directing instruction created the false impression that the mere failure to file a state income tax return violates § 143.931, even in the absence of willfulness and intent to defraud. The first paragraph of the instruction specifically lists willfulness and intent to defraud as essential elements of the offense. Defendant claims that it was plainly erroneous not to repeat these elements in the penalty part of the instruction. We disagree.

The penalty part of the instruction was obviously intended to be read in the context of the entire jury charge. In that context, the wording of the penalty part of the instruction is proper. The pertinent part of the instruction provides:

### INSTRUCTION No. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or before April 15, 1987 ... defendant was required to file a state tax return, and

Second, that defendant willfully and with intent to defraud the State of Missouri failed to file said return, then you will find the defendant guilty of failure to file a state tax return....

If you do find the defendant guilty of failure to file a state tax return, you will assess and declare one of the following punishments: ....

Defendant also attacks certain evidentiary rulings of the trial court. Defendant failed to raise these claims of error in her motion for new trial and, thus, did not preserve them for appellate review. *State v. Cannady,* 660 S.W.2d 33, 36 (Mo.App. 1982). Moreover, these rulings were not even error, much less plain error.

During the prosecutor's direct examination of Mr. Goeddel, the office administrator, the following exchange took place:

[Prosecutor]

Q. Do you know [the senior shareholder]?

[Goeddel]

A. Yes, I do.

[Prosecutor]

Q. Do you know him personally, I assume?

A. Yes.

Q. He is one of the shareholders of this firm, is he not?

A. Yes.

Q. To your knowledge did he give [defendant] permission [to write checks to herself?]

[Defense Counsel]

Objection. Your Honor, it would be hearsay.

Court: Be overruled.

A. No, he did not.

■ Defendant contends this ruling was error. We disagree. The question as asked did not necessarily call for hearsay. Although broad and general, it merely asked whether Mr. Goeddel "personally" knew if the senior shareholder gave defendant permission to write checks to herself. Goeddel was simply answering that, as far

as he knew, the senior shareholder did not give defendant permission. Mr. Goeddel was, after all, subject to defendant's cross-examination about the extent of his personal knowledge.

Defendant also complains of a ruling made by the court during the prosecutor's re-direct examination of Mr. Goeddel.

Q. [Defense Counsel] asked you or stated that during the first two months of your employment and Miss Sinner's employment that [the senior shareholder] never told you one way or the other whether or not she had permission to write the checks?

A. Correct.

Q. Did he ever, in fact, deny that she had permission?

A. Yes, he did.

[Defense Counsel]: Objection, hearsay statement.

Q. [Prosecutor] Was it said in your presence?

[Prosecutor] He opened it up.

Court: Overruled.

A. Yes.

Q. [Prosecutor] So [the senior shareholder] in your presence denied giving her permission?

A. Yes.

■ The trial court's ruling is correct. On cross-examination, defense counsel had made inquiries concerning the precise subject in issue. Once counsel introduces "part of an act, occurrence, or transaction ..., [the prosecutor] is entitled to ... inquire into other parts ..., in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by [the defendant]", even if the prosecutor's inquiry elicits otherwise inadmissible testimony. *State v. Jackson,* 664 S.W.2d 583, 586 (Mo.App.1984).

Judgment affirmed.

SMITH, P.J., and STEPHAN, J., concur.