In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

STATE OF MISSOURI, ) ED107188
 )
 Respondent, ) Appeal from the Circuit Court
 ) of the City of St. Louis
v. ) 1722-CR02010-01
 )
TERRY M. SLAYTON, ) Honorable Joseph P. Whyte
 )
 Appellant. ) FILED: January 19, 2021

 Introduction

 Terry M. Slayton (“Slayton”) appeals from the trial court’s entry of judgment and

sentences after a jury trial found him guilty of domestic assault in the fourth degree, burglary in

the first degree, and violating an order of protection. On appeal, Slayton has filed a motion to

remand for a new trial for the failure to obtain a complete transcript on appeal. We grant the

motion, and we reverse the judgment and remand for a new trial.

 Background

 The State charged Slayton as a prior offender with the class C felony of domestic assault

in the second degree (“Count I”), the class B felony of burglary in the first degree (“Count II”),

and the class A misdemeanor of violation of an order of protection (“Count III”). The charges

stemmed from an altercation between Slayton and his wife, Julia Slayton (“Victim”) on April 14,

2017, when Slayton was alleged to have recklessly caused physical injury to Victim by striking
her, which caused Victim to obtain an order of protection against Slayton; and from a subsequent

incident on June 6, 2017, when police arrested Slayton in the basement of the home he and

Victim owned but in which he no longer resided, which was alleged to be in violation of the

order of protection, in that he knowingly entered the premises where Victim resided.

 After a three-day trial, a jury found Slayton guilty of the lesser included offense of

misdemeanor domestic assault in the fourth degree, burglary in the first degree, and violating the

order of protection. Slayton filed a motion for new trial, raising issues involving Batson, 1 the

sufficiency of the evidence supporting his burglary conviction, and whether the State presented

sufficient evidence to prove he knowingly violated the order of protection. The trial court denied

the motion for new trial. The trial court then sentenced Slayton as a prior offender to concurrent

sentences of one year in the Medium Security Institution (“MSI”) on Count I, nine years in the

Missouri Department of Corrections on Count II, and one year in MSI on Count III. Slayton has

appealed his convictions, and in his brief he raises three points of error from the trial court’s

decisions to overrule his Batson objections to the State’s use of three of its peremptory strikes

against African-American venirepersons 902, 1154, and 479.

 In preparing the appeal, it was discovered that portions of the transcript were missing.

The court reporter produced a transcript on July 1, 2019, containing pre-trial proceedings,

opening statements, the testimony of Victim, a record of Slayton’s decision not to testify, closing

arguments, proceedings during jury deliberations, the verdict announcement, and the sentencing

hearing. The court reporter produced a supplemental transcript on October 18, 2019, containing

voir dire. However, a review of the transcript shows that at a pre-trial hearing, the State

announced its intention to call as witnesses April Becton, Larry Elbert, Joan Noelker, Officer

1
 Batson v. Kentucky, 476 U.S. 86 (1986).

 2
Julia Newberry, Detective Elijah Simpson, and Victim. Moreover, during closing arguments, the

State referenced the testimony the jury had heard from April Becton, who was a witness to both

incidents, Larry Elbert, Dr. Joan Noelker, and Officer “Onwumere.” Additionally, the defense in

closing arguments referenced testimony the jury had heard from Detective Simpson. The

testimony of none of these witnesses appear in the transcript submitted on appeal. On December

17, 2019, the court reporter submitted an affidavit to this Court attesting that her reporting

equipment had malfunctioned, and that she was unable to recover the testimony of Larry Elbert,

April “Beckton,” and Dr. Joan “Knoelker.” Based on the missing transcript testimony, Slayton

filed a motion with this Court to remand for a new trial, arguing that he had exercised due

diligence to correct the deficiencies in the record and also that he was prejudiced by the

incompleteness of the record.

 Motion to Remand Analysis

 “A losing party is entitled to appellate review based upon a full, fair and complete

transcript on review.” Jackson v. State, 514 S.W.2d 532, 533 (Mo. 1974). Where no transcript

of the trial exists at all, prejudice is assumed. See State v. Barber, 391 S.W.3d 2, 5 (Mo. App.

W.D. 2012). However, where the transcript is merely incomplete or otherwise defective, that

alone does not entitle an appellant to reversal as a matter of right. Jackson, 514 S.W.2d at 534.

Rather, to obtain reversal and a new trial based on a defective transcript, the appellant must show

both that: (1) he or she exercised due diligence to correct the transcript or to obtain a complete

transcript; and (2) he or she is prejudiced as a result of the inability to present an accurate and

true record. State v. Fults, 719 S.W.2d 46, 48 (Mo. App. E.D. 1986). Here, the State concedes

Slayton exercised due diligence and thus the only issue for this Court to consider is whether

Slayton was prejudiced by the incomplete transcript.

 3
 Slayton argues that the record is so incomplete as to preclude meaningful appellate

review, and we agree. Where, as here, appellate counsel was not the same attorney who

represented the defendant at trial, appellate counsel cannot realistically be expected to raise all

potentially meritorious allegations of trial error on appeal without a transcript of what occurred at

trial. In the post-trial motion for a new trial, Slayton challenged the sufficiency of the evidence

supporting the convictions for burglary and violating the order of protection. However, on

appeal he has not reasserted these claims, and he explains that with such a deficient transcript as

exists here he has been unable on appeal to adequately present and brief—nor can this Court

review—those sufficiency-of-the-evidence claims. While some missing testimony does not

necessarily impede appellate review, transcripts that omit the entire testimony from a witness or

multiple witnesses can prevent meaningful appellate review. Compare Barber, 391 S.W.3d at 6

(appellate court could not conduct meaningful review when transcript was missing bulk of

defendant’s trial testimony), and Lynn v. Plumb, 808 S.W.2d 439, 440 (Mo. App. S.D. 1991)

(prejudice resulted when part of one respondent’s testimony and entire testimony of two other

witnesses were unable to be transcribed), with State v. Middleton, 995 S.W.2d 443, 466-67 (Mo.

banc 1999) (34 instances of small or corrected omissions in 4,000-page transcript did not

prejudice appellant), and State v. Borden, 605 S.W.2d 88, 92 (Mo. banc 1980) (appellant failed

to establish prejudice from transcript’s omission of last part of his cross-examination, redirect,

and re-cross-examination plus first part of State’s closing argument in light of entire 1,000-page

transcript).

 The transcript omissions here are more similar to those deemed prejudicial in Barber and

Lynn, than to Middleton and Borden. The parties’ summaries of witness testimony during

closing arguments reveal that at least six witnesses testified; however, the transcript includes

 4
testimony from only one. With testimony from the vast majority of witnesses missing in their

entirety, this Court is unable to conduct meaningful review of the record. Under the

circumstances here, Slayton has demonstrated prejudice from the transcript deficiencies.

 While the State argues that evidence from Victim alone was sufficient evidence to

support the convictions, we cannot agree with this argument under the extreme transcript

deficiencies here. To assume the evidence supported the verdict without access to the testimony

of five out of six witnesses renders meaningless our requirement that appellant files a trial

transcript on appeal. See Barber, 391 S.W.3d at 6; see also Mo. R. Crim. P. 30.04(c) (2018).

Rather, our rules mandate that the record on appeal includes the trial transcript, with the

recognition that meaningful review requires the examination of a full, fair, and complete

transcript. See id.; see also Jackson, 514 S.W.2d at 533.

 Conclusion

 Because this Court is unable to conduct a meaningful review of Slayton’s criminal trial

with a transcript that transcribes the testimony of only one of at least six witnesses, we reverse

the judgment of the trial court and remand for a new trial.

 __________________________
 Robin Ransom, Presiding Judge

Sherri B. Sullivan, J., and
Lisa P. Page, J., concur.

 5