STATE of Missouri, Respondent,

v.

Charles S. MOORE a/k/a Marless Bilbrey, Appellant.

No. KCD 26196.

Missouri Court of Appeals, Kansas City District.

Oct. 1, 1973.

Motion for Rehearing and/or Transfer Denied Nov. 10, 1973.

Application to Transfer Denied Dec. 10, 1973.

Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Alan D. Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction for burglary second degree and stealing. This is a companion case to State of Missouri v. Mesmer, Mo.App., 501 S.W.2d 192, the decision in which is being filed concurrently herewith. Although the defendants were tried separately, the evidence in each case was substantially the same. The underlying facts are fully set forth in the Mesmer opinion and need not be repeated here. Such slight differences as appear in this record will be mentioned in the course of this opinion.

Defendant's first point on appeal is the claim that the information was insufficient because it failed to charge an intent to steal "inside" the burglarized premises. Defendant points out that § 560.070 RSMo 1969, V.A.M.S., under which this prosecution is brought, defines the crime as breaking and entering a building "with the intent to steal or commit any crime therein". Defendant in his brief states his argument as follows: "It is de-

fendant's contention that the information in the present case fails to meet the requirements of the statute and to charge all of the essential elements in that it does not state that he intended to steal something *within* the Big Value Supermarket, Inc., a corporation, hereinafter referred to as the supermarket. * * * Admittedly, the addition of the simple word 'therein' might well have satisfied the rule since that precise word was used in the statute. But without the word or one of the same meaning, the information is fatally defective."

A complete answer to this argument appears in State v. Parker, 476 S.W.2d 513 (Mo.1972), which holds:

"Rule 24.01, V.A.M.R., provides that an information 'shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' This court has 'long ago departed from the extremely technical requirements of common law indictments and informations.' State v. Brookshire, Mo., 368 S.W.2d 373, 380. An information is not to be held insufficient for failure to follow the exact words of a statute if words of similar import are employed. State v. Simone, Mo., 416 S.W.2d 96. It cannot seriously be contended that appellant was misled as to the charge against him by the allegation that he broke and entered into the apartment 'with felonious intent then and there to steal' instead of 'with felonious intent to steal therein.' We find no merit to this extremely technical contention."

Second, defendant contends that the information is fatally defective in that it charges a breaking and entering into "the Big Value Supermarket, Inc., a corporation, under the custody and control of Bill Park, the same being a place where diverse goods, wares, merchandise and other valuable thinks were kept and stored." The point which defendant here attempts to make is the failure to charge specifically that the place burglarized was a "building".

■■ The purpose of an indictment or information is to enable the defendant to prepare a defense and to be able to plead former jeopardy in the event of an acquittal, and also to permit the trial court to decide whether sufficient facts are alleged to support a conviction. State v. Simone, 416 S.W.2d 96 (Mo.1967). These purposes are sufficiently served by the present indictment and nothing of any substance was omitted which could have misled the defendant to his prejudice. State v. Auger, 434 S.W.2d 1, 5 (Mo.1968).

■ For his third point, defendant claims that the trial court improperly permitted testimony concerning the presence of a pistol in the automobile in which he was apprehended. In support of this contention, defendant relies on cases where guns were actually introduced into evidence and displayed to the jury. That was not the situation here.

In the present case, the gun itself was not introduced in evidence but was merely mentioned as being one of the items inventoried after the automobile had been taken into custody by the police officers. Thus, in reading the inventory list which contained items of stolen goods and also tools useable in a burglary, the witness included in his reading the item of the pistol in question. Thus, the evidence as to the presence of the pistol came in purely incidental to the proof of the presence of stolen property in the automobile in which defendant was a passenger at the time of his arrest. This piece of evidence was so commingled with proof of the elements of the crimes charged that the bare contention as occurred here, without special or undue emphasis, cannot be made the basis for valid objection. State v. Walker, 490 S.W.2d 332, 333 (Mo. App.1973).

■ As his fourth point, defendant argues that the evidence did not make a submissible case against him. Briefly summarized, the evidence showed that defendant was a passenger in an automobile being driven by Mesmer on the highway less than a quarter of a mile from the burglarized supermarket. This car was stopped by police officers and was found to have more

than 300 cartons of cigarettes and several packages of meat stolen from that supermarket. This arrest occurred at 4:00 in the morning. At the time of the arrest, all three men in the car were found to have muddy shoes and trousers wet to the knees. The burglarized supermarket was located immediately in front of a swamp, and tracks were found leading from the back of the supermarket through the swamp.

As held in the companion Mesmer opinion, the joint possession by the occupants of the car of stolen goods under the circumstances here was a sufficient basis upon which a jury could infer guilt by any one of the occupants, both as to burglary and theft provided the prosecution showed some additional facts connecting the particular defendant with the offense. As also held in the Mesmer opinion, muddy shoes and wet trouser legs, aside from anything else, constituted sufficient supplementary facts implicating a given defendant so as to render the joint possession sufficient to support his conviction. Still further supplementary evidence implicating the defendant here was the fact that he tried to deceive the officers at time of arrest by giving a false name. State v. Rossini, 418 S.W.2d 1 (Mo. 1957).

Although Mesmer made an extrajudicial statement to the arresting officer that he alone was responsible for the cigarettes in the back of the car, the jury was not obligated to accept that explanation. See State v. Clark, 438 S.W.2d 277 (Mo.1969). Nor was the jury obligated to accept the strained and strange conjectures now offered by defendant's counsel in an effort to explain away the compelling circumstantial evidence which persuaded the jury to reach the verdict they did.

For his fifth point, defendant argues that evidence used against him was obtained by an illegal search and seizure. This point was fully discussed and rejected in the Mesmer opinion.

Finally, as his sixth point, defendant claims that the trial court improperly

limited cross-examination of State's witness Baxter. Baxter was the officer who stopped defendant's car on the highway. The reason given by Baxter for making the stop was that the automobile met the description of an "old red car" which had been reported to have been observed in the vicinity of a number of recent burglaries, and when Baxter attempted to check the license number he saw that there was no rear license light. On cross-examination, defendant's counsel sought to elicit from Baxter that this stop was an "indiscriminate car check". The prosecutor objected to that question on the ground that it called for a conclusion and opinion of the witness, and the objection was sustained. Then defendant's counsel inquired whether Baxter had testified at the preliminary hearing that he had made an "indiscriminate check". The prosecutor objected to that question as being irrelevant, and the objection was sustained. It is this latter action by the trial court, in refusing to allow cross-examination as to Baxter's testimony at the preliminary hearing, which is the subject of defendant's present contention.

The extent of cross-examination on collateral matters for the purpose of impeachment is largely within the trial court's discretion. State v. Cox, 352 S.W.2d 665, 673 (Mo.1962); State v. Parton, 487 S.W.2d 523, 526 (Mo.1972). Under the facts here no abuse of discretion has been shown. To the contrary, the rulings were quite justified. The objection to the question as to whether or not this was an "indiscriminate car check" was properly sustained as calling for a conclusion. Without an answer to that first question as a predicate, no proper foundation had been laid for interrogation as to prior declarations made by Baxter at the preliminary hearing. State v. Ripey, 229 Mo. 657, 129 S.W. 646 (1910).

The judgment is affirmed.

All concur.