**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lowell Eugene WOODS,
Defendant-Appellant.**

**No. 12134.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 11, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Fielder, Jones & Conklin, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Lowell Eugene Woods was jury-tried and convicted of escaping from custody [§ 575.200, RSMo 1978] while under arrest for burglary and sentenced to one year in the Greene County jail. He contends the evidence was insufficient to show he was under arrest when he "boogied" away from the officers and into nearby woods. He also assigns error in the trial court's failure to give an instruction on justification. We affirm.

We review the question of the sufficiency of the evidence to support the conviction in the light most favorable to the state, together with all reasonable inferences drawn therefrom, and disregard contrary evidence and inferences. *State v. Barton*, 602 S.W.2d 479 (Mo.App.1980). The jury could reasonably find the facts which follow.

Greene County deputies McConnell and Young saw defendant driving a pickup truck on a county road shortly after midnight. They were aware of an arrest order for the defendant on a burglary charge. They stopped defendant's vehicle and told him he was under arrest on the burglary charge, and they would have to take him to jail. Defendant told the officers he could not afford to have his vehicle towed and asked them if he could drive the truck to a friend's house which was located on the same county road and on the way back to Springfield. The officers granted the defendant's request and followed along behind the truck in their patrol car. Defendant drove the truck into the driveway of the Latcher residence and parked it. He got out of the truck and went to a rear window of the house and commenced knocking on it. The officers had stopped their car near the truck and both got out and were watching the defendant. A man came to the front door of the house and let a large dog out the door. The dog was barking but upon command of the man stopped its barking. One of the officers called to the dog and it walked over to him

and received a pat on the head. The dog acknowledged the pat by licking the officer's hand. During the minute or so that the officer's attention was distracted by the dog coming out of the house, the defendant, in his words, "boogied" into the woods. The officers' calls to the defendant to return were ignored. A search of the area failed to disclose the defendant.

Defendant argues he was not under arrest at the time he "boogied" because he was under no physical restraints, such as handcuffing, and drove his truck to a place of his choosing.

Section 544.180, RSMo 1978, defines an arrest as follows: "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise. The officer must inform the defendant by what authority he acts, and must also show the warrant if required."

Under the foregoing statute, an arrest is made by the arrestee submitting to the custody of the arrester or by the arrester actually restraining the person of the arrestee. A person may be said to be under arrest from the moment the police officer takes control of his movements. *State v. Goodman*, 449 S.W.2d 656 (Mo.1970); *State v. Sampson*, 408 S.W.2d 84 (Mo.1966); *State v. Abbott*, 571 S.W.2d 809 (Mo.App.1978); Comment, Scurlock, 41 UMKC L.Rev. 165 (1972). The statute does not require any particular words to be used by an officer. Thus, an officer informing a person that he would be booked on a marijuana charge was sufficient to advise such person that he was under arrest on that charge. *State v. Thompson*, 425 S.W.2d 80 (Mo.1968).

Here, the officers told the defendant he was under arrest on a burglary charge and they would have to take him to jail. Although not physically and actually restrained, the jury could well find that the officers took control of defendant's movements at that time by reason of defendant's submission to their custody. The fact that the officers permitted him to drive his vehicle to the Latcher residence does not alter

the situation. The two armed officers followed the truck at a close interval en route from the place of arrest to the residence. When he got out of his truck the officers got out of their car and were within twenty to thirty feet of him when he ran. The jury could find and conclude that defendant had submitted to the custody of the officers and, thereafter, escaped from such custody. There was sufficient evidence for this determination.

At trial defendant sought to explain his escaping from the officers because of hearing the dog barking and his fear of being bitten. However, he admitted he did not see the dog, the dog had never attacked him when he had been at the residence on other occasions, the dog had never chased him, and that he had been in the house when the dog was present. Although not mentioned at trial or in his motion for a new trial, the defendant now contends the court should have given an instruction on justification and the state's verdict director should have referred to the same. It is defendant's position that he "fled due to his fear of a vicious dog."

■ It is true that by reason of § 563.026, RSMo 1978, the defense of emergency justification can be asserted by the defendant in some criminal cases by way of an affirmative defense. And, if the trial court determines that the claimed facts and circumstances, if true, are legally sufficient for justification, and if there is evidence to support this defense, MAI–CR2d 2.40 must be given whether requested or not.

■ However, in his brief defendant recognizes this point has not been preserved for our review under Rule 29.11, V.A.M.R., but seeks plain error review via Rule 30.20, V.A.M.R. Under the facts set forth herein, we find no manifest injustice resulted from the omission of the suggested instruction.

The judgment is affirmed.

PREWITT, P. J., and HOGAN, J., concur.

MAUS, C. J., not participating.