STATE of Missouri,
Plaintiff-Respondent,

v.

George Clifton GILMORE,
Defendant-Appellant.

No. 63998.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

Mark D. Mittleman, St. Louis, George E. Schaaf, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Judge.

George Clifton Gilmore was convicted by a jury of capital murder, section 565.001 RSMo 1978, and was sentenced to death after the jury found as an aggravating circumstance that he committed the offense "for the purpose of receiving money or any other thing of monetary value." § 565.-012.2(4) RSMo Supp.1981–82. Judgment was rendered accordingly. Appellant

charges the trial court erred in rendering judgment because the indictment was fatally defective in that it did not charge the essential element of deliberation; in fixing his punishment at death because the only statutory aggravating circumstance found by the jury was improperly submitted; and because fixing defendant's punishment at death while allowing equally responsible co-participants to plea bargain for significantly reduced sentences violated the eighth amendment and resulted in disproportionate sentences prohibited by section 565.014.-3(3) RSMo 1978.

Dispositive of this appeal is the absence from the indictment of any allegation that defendant acted deliberately in the capital murder for which he stands convicted. Because of the failure of the State to charge this essential element of the offense of capital murder, the judgment must be reversed and the case remanded.

George Clifton Gilmore, his brother Norman, and Leonard Laws lived in a trailer with several members of the Gilmore family; all three men were unemployed. After some discussion, they decided the easiest way to make money would be to "rob old people." They further agreed they would kill the victims in order to prevent them from identifying any of the three perpetrators.

Late in the evening of October 28, 1980, the three met and decided to rob Clarence and Lottie Williams. In the early morning hours of October 29, 1980, they went to the Williams's home, roused Mr. Williams, and convinced him to open his front door. They took him to his bedroom where he and Mrs. Williams were bound with clothesline. After ransacking the home and taking several items to their vehicle, defendant and Norman returned to the Williams's bedroom. Defendant shot Mr. Williams with a twelve gauge shotgun; he reloaded the weapon and then shot Mrs. Williams. Thereafter, kerosene was spread throughout the home. Mr. Williams had not been killed by the first shotgun blast and attempted to escape when he saw the kerosene being spread throughout his home. Defendant stopped the escape by shooting Mr. Williams a second time.

Several weeks after the murders, defendant discussed the crimes with two relatives, Robert Gilmore and Bobby DeClue. After confirming the story by a visit to the site of the Williams's home and speaking to Norman Gilmore, DeClue and Robert Gilmore reported the incident to police and agreed to help apprehend the three perpetrators. On January 2, 1981, DeClue and Robert Gilmore tricked Leonard Laws and George Gilmore into leaving their trailer; they were then arrested at a police roadblock. Norman Gilmore was arrested at a house in Franklin County, Missouri.

Pursuant to a plea bargain, Norman Gilmore agreed to plead guilty to reduced charges of conspiracy to commit capital murder for two fifteen year concurrent prison terms in exchange for his testimony against his brother and Leonard Laws. Subsequently, George Gilmore admitted shooting Clarence and Lottie Williams.

The purpose of an indictment is to inform the accused of the charges against him so that he may prepare an adequate defense and plead former jeopardy in the event of acquittal; and to permit the trial court to decide whether sufficient facts are alleged to support conviction. *State v. Simone,* 416 S.W.2d 96, 98 (Mo.1967); *State v. Moore,* 501 S.W.2d 197 (Mo.App.1973). The first purpose exists to protect the due process rights of the accused; the second provides the basis for the court's subject matter jurisdiction. *See generally* 42 C.J.S. *Indictments and Informations* §§ 7 & 17 (1944). If the indictment is insufficient, the court acquires no jurisdiction and whatever transpires thereafter is a nullity. *State v. Brooks,* 507 S.W.2d 375, 376 (Mo.1974); *State v. Hasler,* 449 S.W.2d 881, 884 (Mo. App.1969).

The test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of facts constituting the offense. *State v. Garrett,* 627 S.W.2d 635, 637 (Mo.banc 1982)

(quoting *State v. Strickland,* 609 S.W.2d 392, 395 (Mo.banc 1980)); *State v. Downs,* 593 S.W.2d 535, 540 (Mo.1980).

The capital murder statute provides:

Any person who unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of another human being is guilty of the offense of capital murder.

§ 565.001 RSMo 1978. Thus, to be sufficient under this statute, an indictment for capital murder must charge that defendant acted "willfully, knowingly, deliberately and with premeditation." *Garrett,* 627 S.W.2d at 637.

 The indictments in this case charge only that:

in violation of Section 565.001 RSMo . . . the defendant acting with another willfully, knowingly, with premeditation killed (_____) Williams by shooting him on or about October 29, 1980, in the County of St. Louis, State of Missouri, thereby causing him to die . . .

These indictments fail to charge that defendant acted "deliberately" in the commission of the offense. Deliberation is the element which distinguishes capital murder from second degree murder; therefore it is an essential element of capital murder. *Compare Garrett,* 627 S.W.2d at 637 (setting out essential elements of capital murder) *with State v. Franco,* 544 S.W.2d 533, 535 (Mo.banc), *cert. denied,* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1976) (setting out essential elements of second degree murder). The indictment must allege all elements of the crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. *State v. Brooks,* 507 S.W.2d at 376.

Respondent argues that the indictments cite the statute alleged to have been violated and are therefore sufficient under Rule 23.01(b)(4) of the Rules of Criminal Procedure. In the omission of the word "deliberately," however, the indictments fail to state "plainly, concisely and definitely the essential facts constituting the offense charged" as required by Rule 23.-01(b)(2). The defect is not cured by citing the statute number in the indictment. The indictment must allege the essential facts constituting the offense, Rule 23.01(b)(2), as well as to provide a reference to the statute under which the charge is made, Rule 23.-01(b)(4).

The indictments in question were fatally defective because they failed to charge an essential element of capital murder. As a result, the trial court never obtained jurisdiction, and the convictions are nullities. Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

RENDLEN, C.J., GUNN, BILLINGS, BLACKMAR, and DONNELLY, JJ., and PREWITT, Special Judge, concur.

WELLIVER, J., not sitting.