**STATE of Missouri, Respondent,**

v.

**Eric CLEMMONS, Appellant.**

**No. 47539.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 18, 1984.

Terry Burnet, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for capital murder and a Class A felony of Assault in the First Degree. Defendant was sentenced to life imprisonment without eligibility for probation or parole for a minimum of fifty years on the capital murder conviction (the death penalty having been waived) and ten years imprisonment on the assault convictions. The sentences were to be served concurrently. Defendant requests a new trial due to several instructional errors. We affirm.

On August 14, 1982, at about 1:30 in the morning, defendant, seven other men, and one woman were standing on the corner of Maryland and Whittier in the City of St. Louis. Six of these men, defendant, and the first victim testified as to the events that transpired thereafter. First victim testified he and deceased were coming down the street when they were attacked by three to five people. Deceased ran away while the attackers severely beat first victim with the aid of what first victim said was a baseball bat wielded by defend-

ant. First victim was hospitalized by the beating.

While their testimony varied in the exact details of who did what to whom, those with defendant testified generally that while the group was talking, they heard a noise from down on Maryland. Defendant's brother was yelling that he was being robbed. The group went to his rescue, passing the deceased who was walking or running away. They found defendant's brother fighting with first victim, using a pipe as a weapon. After first victim was subdued and beaten, someone suggested they go after deceased. He was caught and beaten, defendant inflicting the fatal blows with the pipe. Defendant's testimony largely confirmed this account, with defendant claiming he went after deceased to recover gold chains deceased allegedly stole from defendant's brother, and that he hit deceased with the pipe in self-defense after deceased swung at him with a board.

Defendant asks for a new trial because of the submission of the capital murder instruction, MAI–CR2d 15.02 as modified by MAI–CR2d 2.12. He argues the instruction was erroneous because, in the paragraphs denominated First, Second, Third, Fourth and Fifth, the "other persons" defendant was alleged to have aided and abetted in the commission of capital murder were not named. Recognizing the error was not preserved for appeal, he requests review of this point as plain error. Rule 30.20.

■ This instruction was proper. Paragraph four of the Notes on Use to MAI–CR2d 2.12 indicates use of this instruction is appropriate when the evidence shows defendant acted with, or aided in any manner, another person or persons in the commission of an offense. The italicized portions of the instruction instruct the court to include the names of the other(s) involved, whose conduct or intent is to be imputed to the defendant. However, if the identity of these other person(s) is unknown, the court is clearly instructed to include "a general identification of the other(s) involved, such as … 'other person(s).' "

The evidence is not clear as to who was with defendant when he struck the fatal blows. Three witnesses identified two persons, one other witness identified three (the two identified by the first witnesses plus a third), another identified one (who was one of those identified by the first witnesses), and defendant identified two (the one of the first two not identified by the last witness and an entirely new person). Given this lack of clarity, we find no plain error in the use of the general identification in the challenged instruction.

■ Defendant claims reversible error in the submission of the instruction on justifiable homicide, MAI–CR2d 2.41.1, including paragraph two of the model instruction presenting the law of self-defense which indicated that only if defendant was not the initial aggressor could the jury acquit him on the basis of self-defense, and omitting paragraph three of the model instruction presenting the law on self-defense when defendant was justified in being the initial aggressor. Defendant testified deceased and first victim had stolen a gold chain from defendant's brother during the first encounter, and therefore, as it is claimed defendant was only attempting to arrest deceased, his initial aggression was justified and he did not lose his right to defend himself. He cites § 563.051 RSMo 1978 in support of the theory. The evidence was insufficient to support an instruction based on this theory of justification as there was no evidence defendant was attempting to affect an arrest. There was no error in giving the instruction.

Defendant claims the trial court erred in instructing the jury on a Class A Felony of Assault in the First Degree because the indictment was ineffective to charge that offense. He was charged in accordance with § 565.050 RSMo 1978 which states:

1. A person commits the crime of assault in the first degree if:

(1) He knowingly causes serious physical injury to another person; or

(2) He attempts to kill or to cause serious physical injury to another person; or

(3) Under circumstances manifesting extreme indifference to the value of human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby caused serious physical injury to another person.

2. Assault in the first degree is a class B felony unless committed by means of a deadly weapon or dangerous instrument in which case it is a class A felony.

The indictment, which cited the statute and specified charge of a Class A Felony, did not contain an allegation the offense had been committed by means of a dangerous instrument. Defendant relies on *State v. Gilmore*, 650 S.W.2d 627 (Mo.1983) to argue an element of the crime was omitted from the indictment thereby rendering it, and all subsequent proceedings thereon, a nullity.

Defendant's reliance on *Gilmore* is misplaced. The indictment for capital murder in *Gilmore*, although it correctly cited the statute involved, did not allege the defendant in that case acted "deliberately." 650 S.W.2d at 628. As deliberation is an essential element of the offense of capital murder, it must be alleged, and, if it is not, then the indictment is defective. 650 S.W.2d at 629. In this case, it is admitted the indictment correctly charged assault in the first degree. Classification as a Class A Felony only enhanced the punishment, and did not change the charged offense of Assault in the First Degree. *Compare* 565.001 RSMo 1978 with § 565.050 RSMo 1978, and § 570.030 RSMo 1978. *See State v. Bradshaw*, 643 S.W.2d 834, 836 (Mo.App. 1982).

Defendant's last contention is the trial court erred in submitting MAI–CR2d 19.02, on Assault in the First Degree by means of a dangerous instrument, without a paragraph requiring the jury to find defendant was not acting under the influence of an extreme emotional disturbance caused by the robbery of his brother. There is no merit to this point. While a robbery of one's brother might be sufficient to cause such an extreme emotional disturbance in an ordinary person, a question we do not consider or decide, there is no evidence from which it could be concluded that *defendant* was acting under the influence of such a disturbance. *State v. Taylor*, 651 S.W.2d 603, 605 (Mo.App.1983); *State v. Bienkowski*, 624 S.W.2d 107, 109 (Mo.App.1981).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.