**STATE of Missouri, Respondent,**

**v.**

**Richard E. TURNER, Appellant.**

**No. WD 36631.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied March 25, 1986.

Sean D. O'Brien, Public Defender, Kansas City, David S. Durbin, Asst. Public Defender, for appellant.

William L. Webster, Atty. Gen., Jefferson City, John M. Morris, Asst. Atty. Gen., for respondent.

Before TURNAGE, J., Presiding, and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

Defendant appeals from his jury conviction of tampering in the first degree, § 569.080, RSMo Supp.1984, and court-imposed sentence of one year's imprisonment.

The defendant asserts the information is defective in failing to allege that the defendant's conduct was "knowing," and that the trial court erred in failing to take action sua sponte with respect to portions of the prosecutor's argument, and in giving as an instruction MAI-CR2d 2.20 because such instruction improperly defines "reasonable doubt."

■ The sufficiency of the evidence is not questioned. Defendant was arrested at 3 a.m. in a residential neighborhood after a resident noticed unusual activity involving two vehicles. The officers who responded to the resident's call determined that an attempt had been made to remove the ignition from a vehicle owned by another resident of the neighborhood.

With respect to the first issue, the claim that the information is fatally defective, the state concedes that the information does not contain the words "knowing," while the statute defining the offense, § 569.080, RSMo Supp.1984, requires that for the crime of tampering in the first degree to be committed, the offense must be committed "knowingly." The basic purpose of an information is to inform the defendant of the charges against him so he can adequately prepare a defense and to preclude his retrial on the same issues. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). An information is sufficient if it alleges facts necessary to establish all elements of the offense set out in the statute and clearly apprises the defendant of the acts constituting the offense. *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983).

■ The initial and controlling question is the construction of the language of the information. If the information pleads factually the mental state of knowingly, then the omission of the word "knowingly" does not invalidate the information. A person acts knowingly "[w]ith respect to his conduct ... when he is aware of the nature of his conduct ...;" § 562.016.3(1), RSMo 1978. The information says the defendant "remov[ed] the ignition system" from an automobile "without the consent of [the owner]." That language sufficiently excludes an inadvertent or unknowing act of the defendant. The information alleges sufficient facts to inform the defendant of the charges against him and to prevent retrial for the same offense. Supreme Court Rule 23.01(b)(2) requires the information to "[s]tate plainly, concisely, and definitely the essential facts constituting the defense charged." The information does that. The word "removal" in the context of the factual situation sufficiently alleges the mental state.

■ Defendant's assertion of error regarding the state's closing argument is a claim of plain error since no objection of any sort was made at the time the argument was presented to the jury. The complained-of argument occurred in the final portion of the state's argument. The defendant had argued in his closing argument that his presence in the neighborhood where he was arrested was innocent. The argument was based on defendant's testimony that he had gone to assist a friend, Myron Jackson, at the request of Mr. John Conway, and had himself had car trouble at the location. The state in its argument commented upon the failure of the defendant to produce Myron Jackson or John Conway as witnesses at the trial. It is unnecessary to review the issue of whether or not the witnesses were peculiarly available to testify for the defendant because the issue is not preserved. In the circumstances of this case and with the evidence presented of the offense, the argument of the prosecutor may not be determined to be plain error. The comment could not be said to be determinative of the issue of the guilt or innocence of the defendant. The proof of defendant's participation in the tampering was clear and unequivocal. Proof that he had earlier assisted Jackson and was present at the scene of the crime

as a result does not negate the state's proof of defendant's tampering with the vehicle.

 Defendant's claim that the court erred in giving MAI-CR2d 2.20 rests upon the claim that because the instruction defines reasonable doubt in terms of the jury's being "firmly convinced," it reduces the state's burden of proof below that required by the due process clauses of the Missouri and federal constitutions. MAI-CR2d 2.20 is a mandatory instruction and must be given in all criminal proceedings. § 546.070(4), RSMo Supp.1984; MAI-CR2d 2.20 notes on use 2. Once a pattern instruction has been adopted by the Missouri Supreme Court, the appellate courts are powerless to declare the instruction erroneous. *State v. Mick*, 674 S.W.2d 554, 558 (Mo.App.1984). This court is without authority to declare the instruction erroneous. The point is denied. Judgment and conviction are affirmed.