**STATE of Missouri, Respondent,**

v.

**Abuwi SHAHID, Appellant.**

No. 58005.

Missouri Court of Appeals,
Eastern District,
Division One.

June 4, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1991.

Application to Transfer Denied
Sept. 10, 1991.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for appellant.

Ellen Blau, Special Public Defender, St. Louis, for respondent.

KAROHL, Judge.

"The right of the people to be secure in their persons ... against unreasonable searches and seizures shall not be violated...." U.S. Const. Amend. IV. "[T]he people shall be secure in their persons ... from unreasonable searches and seizures ..." Mo. Const. Art. I, § 15. In an effort to obtain a new trial and ultimately a dismissal of charges, defendant, Abuwi Shahid, contends the trial court erred in not suppressing and allowing in evidence a "packet of cocaine" which police testified he threw to the ground and a "packet of cocaine" subsequently seized from defendant at the police station. The trial court overruled defendant's pretrial motion to suppress and objection to admission of the drug evidence. Defendant appeals conviction and ten year sentence as a persistent offender on the charge of illegal possession of a schedule II controlled substance, cocaine. Section 195.020 RSMo 1986, now repealed.

We review preserved error because defendant filed a pretrial motion to suppress, timely objected to the evidence, preserved the error in a motion for new trial and the brief on appeal. The issue of whether the court erred in allowing the evidence is a question of law. We find no error and affirm.

The basic facts on the issue of admission of the drug evidence, over objections based on the Fourth and Fourteenth Amendments of the United States Constitution and section fifteen of the Missouri Constitution, were offered in testimony of the arresting police officers. At approximately 9:55 a.m., on July 14, 1989, Officers Walleman and Miner were in uniform in a marked police vehicle. They were patrolling an area known to them to have a high incidence of drug possession and sale offenses. Officer Walleman had made twenty arrests within the last year at the location where they observed defendant and a companion. Defendant fled the scene.

The officers pursued and subsequently surrounded defendant in an alley. Officer Miner approached from one direction toward defendant who was standing beside a trash dumpster. Miner was on the opposite side of the dumpster with a partial view of defendant. He directed defendant to raise his hands. Defendant placed one hand above his head while he threw a clear plastic packet containing cocaine to the ground with the other. Officer Walleman approaching from the opposite direction had a clear view of these events. The packet of cocaine was thrown to the ground before defendant fully complied with Officer Miner's commands to make both hands visible. Officer Walleman retrieved the packet of cocaine and arrested defendant. Later at the police station, the officers found a second packet containing traces of cocaine in defendant's right front pants pocket while making an inventory search of defendant's property.

We reject defendant's claim the trial court failed to enforce his constitutional rights against unreasonable search and seizure. First, the trial court was free to believe testimony of the officers at the pretrial motion to suppress hearing that defendant threw the packet of cocaine to the ground and the officers recovered it without the necessity of a search. The evidence was, therefore, admissible over any constitutional objection of an unlawful search. *State v. Brown*, 762 S.W.2d 471, 475 (Mo.App.1988).

Second, the events occurred in a high-crime area, particularly in reference to illegal drug activities. When defendant and his companion saw the officers, they ran. Under these circumstances the police had substantial grounds to make an investigatory stop without violating defendant's Fourth Amendment rights. The facts supported reasonable suspicion of possible

criminal behavior. "Seizure" of a person for investigation based upon facts which support a reasonable suspicion is not an arrest and does not require probable cause for arrest to survive a Fourth Amendment challenge. *State v. Fernandez,* 691 S.W.2d 267, 269 (Mo. banc 1985).

Third, defendant was not "seized" by an arrest prior to discarding the packet of cocaine so that the absence of probable cause for a completed arrest necessarily replaced reasonable suspicion for investigation as the proper standard in judging a Fourth Amendment violation. Defendant argues Officer Miner made an arrest when he drew his weapon and ordered defendant to raise his hands. Because such acts were actual restraint of his person defendant concludes he was illegally arrested as defined in § 544.180 RSMo 1986, before any cocaine was visible. This argument fails because defendant was not arrested, his person was not "seized" before he threw the packet of cocaine to the ground.

While this case was pending on appeal, the United States Supreme Court decided *California v. Hodari,* —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The court concluded that "seizure of the person" under Fourth Amendment jurisprudence requires either the application of physical force, however slight, or where force is absent, submission to an officer's "show of authority" to restrain the subject's liberty. Accordingly, a fleeing suspect has not been seized until caught or until submission to authority. To that extent, the subjective *Mendenhall* test that a person was seized as soon as "a reasonable person would have believed that he was not free to leave," has been modified. *See United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980).

Here, defendant ran from the police and threw a clear plastic package of cocaine to the ground before he completely submitted to Officers Walleman and Miner. Defendant abandoned the cocaine after a show of authority but before complying with the directions of the police officer. The abandoned packet of cocaine was properly admitted in evidence because it was not fruit of a seizure. *Hodari,* —— U.S. at ——, 111 S.Ct. at 1551–53.

After retrieving the abandoned packet of cocaine, the officers had probable cause to make a lawful arrest of defendant without a warrant. *See State v. Fain,* 679 S.W.2d 419, 423 (Mo.App.1984). Due to the probable cause arrest, a second packet of cocaine taken from defendant after the arrest was properly admitted in evidence. The second packet was seized as part of a routine inventory procedure which was a valid search incident to a lawful arrest based upon probable cause. *See State v. Twitty,* 793 S.W.2d 561, 565 (Mo.App.1990).

We affirm.

CRANDALL, C.J., and PUDLOWSKI, J., concur.