STATE of Missouri, Respondent,

v.

Douglas NICHOLSON, Appellant.

Nos. WD 44154, WD 45116.

Missouri Court of Appeals,
Western District.

June 30, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 29, 1992.

Application to Transfer Denied
Nov. 24, 1992.

---

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Douglas Nicholson appeals his conviction for felonious escape from custody, § 575.-200, RSMo 1986, and his sentence as a prior and persistent offender, §§ 558.016 and 557.036.4, RSMo 1986. Mr. Nicholson contends on appeal that (I) the amended information charging him with felonious escape from custody is fatally defective because the charging instrument does not allege that when Mr. Nicholson escaped he was in custody after an arrest for a felony, an essential element of § 575.200, and (II)

there is insufficient evidence proving that Mr. Nicholson was in the custody of a police officer, an essential element of § 575.200.[1] The judgment is reversed.

The evidence at trial established the following facts. On June 18, 1990, Officer Cathy Dodd, Columbia Police Department, after reviewing a laboratory test result from the Missouri Highway Patrol, determined that probable cause existed to arrest Mr. Nicholson for a felony. Officer Dodd attempted to locate Mr. Nicholson by leaving a message at the home of an acquaintance of Mr. Nicholson that Officer Dodd had items belonging to Mr. Nicholson and that Mr. Nicholson could contact Officer Dodd at the Columbia Police Department to retrieve the items.

Mr. Nicholson arrived at the police station around 6:30 p.m. while Officer Dodd was on patrol. The officer returned from patrol and greeted Mr. Nicholson in the public portion of the police station lobby. Officer Dodd asked Mr. Nicholson to accompany her to the secured area of the station in order to retrieve his property, but he declined. After making several unsuccessful attempts to persuade Mr. Nicholson to accompany her to another area of the station, Officer Dodd approached Mr. Nicholson, showed him the incriminating lab results, and told him he was under arrest for a felony. Mr. Nicholson denied culpability. Officer Dodd informed Mr. Nicholson again that he was under arrest. Mr. Nicholson then stood up and ran out the front door of the police station. Officer Dodd radioed for assistance, and several officers pursued Mr. Nicholson. Mr. Nicholson was apprehended about five minutes later.

The jury found Mr. Nicholson guilty of felonious escape from custody, § 575.200, RSMo 1986. The court accordingly sentenced Mr. Nicholson as a prior and persistent offender to five years' imprisonment. Mr. Nicholson filed a Rule 29.15 motion, which was denied. Mr. Nicholson appeals only his conviction and sentence.

1. Resolution of this point precludes review of Mr. Nicholson's third point on appeal.

I

Mr. Nicholson contends for his first point that the information charging him with felonious escape from custody is fatally defective because it failed to allege that he was in custody for a felony when he escaped, an essential element of § 575.200. The information charges:

> [T]he defendant, Douglas J. Nicholson: In violation of Section 575.200, RSMo, committed the Class D felony of escape from custody, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that on or about the 18th day of June, 1990, in the County of Boone, State of Missouri, the defendant, while being held in custody after arrest for possession of a controlled substance, escaped from custody, and all against the peace and dignity of the State.

Mr. Nicholson contends that the phrase "after arrest for possession of a controlled substance," does not specifically state that he was arrested for a felony.

■ The purposes of an information are threefold: first, to inform the defendant of the charges filed against him so he can adequately prepare his defense; second, to preclude his retrial on the same issues; and third, to allow the trial court to determine whether sufficient facts are alleged to support the conviction. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). An information is sufficient if it contains all the essential elements of an offense as set forth in the statute and it apprises the defendant of the facts constituting the offense. *State v. Turner*, 705 S.W.2d 108, 109 (Mo.App.1986). The charge must allege all elements of the crime intended to be charged, and if an element is omitted, it cannot be supplied by intendment or implication. *Gilmore*, 650 S.W.2d at 629. The trial court lacks jurisdiction if an information is fatally insufficient, and any proceedings that transpired after a defective information is filed are a nullity. *State v. Gilmore*, 650 S.W.2d at

628; *State v. Murphy*, 787 S.W.2d 794, 796–97 (Mo.App.1990).

An indictment or information is sufficient if it adequately alleges through its factual assertions the essential elements constituting the criminal offense. *State v. Turner*, 705 S.W.2d at 109. *Turner* held that the information must either state specifically the essential elements of a criminal offense or must plead factually, by the collective meaning of the words charging the offense, all of the essential elements of the crime. *Id.* Thus, the information must either specifically or collectively allege that Mr. Nicholson escaped from custody after being arrested for a felony. This essential element was included in the information through the collective meaning of its factual assertions.

■ Section 575.200 prescribes that an escape from custody is a class A misdemeanor unless the escape is either "effected or attempted by means of a deadly or dangerous instrument or by holding any person hostage ...," which is then a class A felony pursuant to § 575.200.2(1), or the escape is made while the escapee is under arrest for a felony, in which case the offense is a class D felony. § 575.200.2(2). A person possessing a controlled substance can be charged with either a misdemeanor or a felony. *See* § 195.202.3, RSMo Supp. 1990.[2] The information states that "the defendant, Douglas J. Nicholson, ... committed the class D felony of escape from custody ... [after] being held in custody after arrest for possession of a controlled substance...." This allegation in the charging instrument sufficiently charges Mr. Nicholson with being under arrest for a felony when he purportedly escaped, an essential element of § 575.200.2(2), a class D felony. The information, by charging Mr. Nicholson with class D felonious escape from arrest, sufficiently alleges that Mr. Nicholson was under arrest for a felony when he allegedly escaped because the controlled substance he purportedly possessed must either have been a specific

---

**2.** Section 195.202.2 prescribes that a person is guilty of a class C felony if he possesses or has under his control "any controlled substance except thirty-five grams or less of marijuana...."

Section 195.202.3 mandates that a person who possesses or has under his control "not more than thirty-five grams of marijuana is guilty of a class A misdemeanor."

controlled substance other than marijuana or marijuana in a quantity greater than thirty-five grams, which identifies the offense as a felony by statutory definition. *See* § 195.202. Therefore, the information charging Mr. Nicholson with felonious escape from arrest is sufficient.[3] Mr. Nicholson's first point is denied.

## II

Mr. Nicholson advances for his second argument that the trial court erred in overruling his motion for judgment of acquittal because, Mr. Nicholson contends, the state's evidence did not sufficiently prove beyond a reasonable doubt that he had been arrested and was being held in custody, an essential element of § 575.200. Appellate courts review a challenge to the sufficiency of the evidence by viewing the evidence and all reasonable inferences from such evidence in the light most favorable to the state and disregard all contrary evidence. *State v. Woods,* 620 S.W.2d 443, 444 (Mo.App.1981).

Section 575.200 defines the offense for which Mr. Nicholson was convicted as follows: "A person commits the crime of escape from custody ... if, while being *held in custody after arrest* for any crime, he escapes ... from custody." (Emphasis added.) "[A] person is in custody when he has been arrested but has not been delivered to a place of confinement...." § 556.061(7), RSMo Supp.1991. An arrest is made by either the "actual restraint of the person of the defendant, or by his submission to the custody of the officer...." § 544.180, RSMo 1986.

The United States Supreme Court recently defined the term "arrest," within the provision of the Fourth Amendment, to mean either the actual restraint by physical force or, where this is absent, submission by the person to the law enforcement officer's assertion of authority. *California v. Hodari D.,* —— U.S. ——, 111 S.Ct. 1547, 1551–52, 113 L.Ed.2d 690 (1991). The Court held that an officer's "show of au-

thority," which is intended to stop a fleeing individual, does not constitute an arrest if the individual does not stop. *Id.* 111 S.Ct. at 1552. Accordingly, "[t]he subjective *Mendenhall* test that a person was seized as soon as 'a reasonable person would have believed that he was not free to leave,' has been modified." *State v. Shahid,* 813 S.W.2d 38, 40 (Mo.App.1991) (citing *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980)).

Section 544.180 does not conflict with the United States Supreme Court's definition of arrest enunciated in *Hodari D.* Both *Hodari D.* and § 544.180 define arrest as the suspect's actual restraint by physical force or the suspect's submission to the officer's custody. The Eastern District in *State v. Shahid,* 813 S.W.2d at 40, relying on *Hodari D.,* held that a fleeing suspect has not been arrested until he has either been physically apprehended or until he submits to the authority of the law enforcement officer. Thus, in order for the conviction to be affirmed, substantial evidence must have been presented establishing that Mr. Nicholson was either under the actual restraint of Officer Dodd or that he had submitted to her "show of authority," thereby constituting an arrest.

No substantial evidence proving either Mr. Nicholson's actual restraint by Officer Dodd or that he had submitted to her "show of authority" was presented at trial. Mr. Nicholson arrived at the police department around 6:30 p.m. while Officer Dodd was out on patrol. Upon arriving at the police station, Officer Dodd noticed Mr. Nicholson sitting in the station's public lobby. Officer Dodd asked Mr. Nicholson to accompany her to the private, secured area of the police station, but Mr. Nicholson refused. After several more unsuccessful attempts to lure Mr. Nicholson into the secured area, Officer Dodd approached Mr. Nicholson, showed him certain lab results, and told him that he was under arrest for a felony. Officer Dodd did not in any way limit Mr. Nicholson's freedom or attempt to

---

**3.** Because the information sufficiently alleged the essential facts constituting a violation of § 575.200, Mr. Nicholson should have filed a

Rule 23.04 bill of particulars to clarify what controlled substance Mr. Nicholson was charged with possessing.

control him. She did not attempt to handcuff Mr. Nicholson, place her hand on him or draw a weapon to restrain Mr. Nicholson's mobility. Mr. Nicholson denied Officer Dodd's accusations, and the officer again informed Mr. Nicholson that he was under arrest. As Mr. Nicholson stood up, Officer Dodd again told him he was under arrest for a felony and that he needed to accompany her to the security area. Mr. Nicholson said he could not do that and he then ran out the front door of the police station. As Mr. Nicholson departed, Officer Dodd attempted to get close enough to Mr. Nicholson to restrain him, but she could not.

The facts do not support the conclusion that Mr. Nicholson had been arrested. Officer Dodd never physically restrained Mr. Nicholson. Neither had Mr. Nicholson's ability to absent himself been impaired. *See State v. Lorenze,* 596 S.W.2d 762, 764 (Mo.App.1980) (holding that "[c]ustody refers to the actual corporeal detention of a prisoner and also to where one person exercises control over the custody of another which confines such other person within certain limits").

The evidence, when viewed in the light most favorable to the judgment, establishes that Mr. Nicholson did not submit to the custody of the officer. Mr. Nicholson did not manifest any assent to Officer Dodd's request to accompany her to the security area of the station. Mr. Nicholson protested and refused her requests and did not make any movements indicating acquiescence to either her announcement that he was under arrest or to her requests that he accompany her. As soon as Mr. Nicholson rose to his feet, he fled the police station. Mr. Nicholson's argument of the merits of the case before his departure from the presence of the officer and the premises do not demonstrate his acquiescence to Officer Dodd's authority. The record is devoid of a factual basis indicating that Mr. Nicholson submitted himself to the custody and authority of Officer Dodd.

The United States Supreme Court in *California v. Hodari D.,* —— U.S. at ——, 111 S.Ct. at 1550, determined that when the suspect is not physically restrained, the suspect must submit to the assertion of authority for arrest to occur. *Id.* 111 S.Ct. at 1551–52. Arrest is not effected, absent physical restraint, if the suspect does not yield to the officer's "show of authority." *Id.* Mr. Nicholson's physical custody was not restrained, and his refusal to heed Officer Dodd's assertion of authority was not submission to the officer's authority. Mr. Nicholson was not arrested.[4] *See also Shahid,* 813 S.W.2d at 40 ("a fleeing suspect has not been seized until caught or until submission to authority.").

Both parties cite *State v. Woods,* 620 S.W.2d 443, as support for their positions. This appeal is factually distinguishable from *Woods,* wherein the court affirmed an escape from custody conviction. Unlike Mr. Nicholson, the defendant in *Woods* manifested submission to the police officers' custody after the defendant was informed that he was under arrest. *Id.* at 444. Mr. Woods asked the arresting officers, after he was informed of his arrest, if he could take his truck to a friend's house before going to jail. *Id.* The officers acquiesced, granted permission and closely followed Mr. Woods in their police car to the friend's home. *Id.* Mr. Woods did not make any attempt to elude the officers as they were driving. *Id.* Mr. Woods did not escape from custody until after he had

---

4. Enforcement of this definition of arrest, as determined by the United States Supreme Court and the courts of this state, compels the state to properly charge criminal defendants, thereby insuring that the constitutional and statutory rights of a person charged will be respected. Contrary to the belief of the dissenting opinion, such constitutional requirements imposed upon the state's prosecutors do not promote the exercise of unnecessary force by law enforcement officers. Law enforcement officers will continue to effect established techniques condoned by law to arrest suspects. These techniques are designed to avoid violence and to utilize minimal force. The issue presented in this case resulted because acceptable routine arrest techniques could not be or were not effected. Law enforcement officers have virtually always restricted the liberty of the suspect when effecting an arrest, and the opinion in this case will not promote the use of excessive force because law enforcement officers continue that practice. Instead, this opinion mandates proper charging by prosecutors.

arrived at the friend's house and after the officers' attention was diverted. *Id.* In contrast, Mr. Nicholson never exhibited any intent to submit to Officer Dodd's custody. After being informed that he was under arrest, Mr. Nicholson fled the police station.[5] Therefore, insufficient evidence was presented supporting Mr. Nicholson's conviction.

The judgment of conviction for felonious escape from custody is reversed.

HANNA, P.J., concurs.

FENNER, J., dissents in separate dissenting opinion.

FENNER, Judge, dissenting.

I respectfully dissent from the majority opinion. I believe that the evidence and all reasonable inferences from the evidence support Nicholson's (the defendant) conviction for felonious escape from custody.

As stated in the majority opinion, Section 575.200 defines the offense for which defendant was convicted as follows: "A person commits the crime of escape from custody ... if, while being held in custody after arrest for any crime, he escapes ... from custody." "[A] person is in custody when he has been arrested but has not been delivered to a place of confinement...." Section 556.061(7), RSMo Supp. 1991. An arrest is made by either the "actual restraint of the person of the defendant, or by his submission to the custody of the officer...." Section 544.180, RSMo 1986. However, "the arrest of a person can occur without actual physical restraint that is without the application of force or the handcuffing of the suspect." *Day v. Wells Fargo Guard Service Co.*, 711 S.W.2d 503, 505 (Mo. banc 1986). Even though police officers do not physically or actively restrain a defendant, other circumstances can be tantamount to an arrest. *See, State v. Ikerman*, 698 S.W.2d 902 (Mo.App.1985). An arrest occurs when an officer takes control of the movements of

an arrestee. *City of Sedalia v. Russell*, 623 S.W.2d 609, 611 (Mo.App.1981).

The actual restraint requirement of § 544.180, does not, as the majority interprets it, require actual physical restraint, especially where, as here, an officer exercises control over the movements of an arrestee. In the case at bar, the record reflects that Officer Dodd limited the defendant's freedom and took control of his movements by impairing his ability to absent himself from the officer's custody.

Viewing the evidence in the light most favorable to the state and disregarding all contrary evidence, the record reflects that while the defendant was seated in the public waiting area of the Columbia, Missouri Police Station, the arresting officer, a uniformed officer, walked up to the defendant and stood in front of him. Officer Dodd then showed the defendant some evidence implicating him in a crime and advised him that he was under arrest for a felony offense.[1] The defendant became agitated and argumentative disputing the charge for which he was arrested. The officer again told the defendant that he was under arrest. Clearly, under our standard of review, a reasonable interpretation of Officer Dodd's behavior would be that in walking up to the defendant and standing in front of him, she was controlling the defendant's freedom of movement.

There was also evidence presented to prove that the defendant submitted to Officer Dodd's authority. In this regard, the record reflects that the defendant argued the merits of his arrest with Officer Dodd for at least eight to ten minutes before he ran from the police station, thus evidencing an appreciation by defendant of the authority vested in Officer Dodd and the control that Officer Dodd had exerted over him.

Furthermore, the record reflects that after the second time defendant was told he was under arrest, he continued to dispute the charge against him and he was told a third time that he was under arrest for the

---

5. The facts may have supported the charge of resisting arrest, § 575.150, RSMo 1986.

1. Officer Dodd testified, "I finally walked up and stood in front of him and showed him the lab results, and I told him I was arresting him for a felony."

felony offense. At this point, the defendant stood from where he was seated as if to follow Officer Dodd toward the door into the secured area of the police station, where he had been asked to proceed, thus manifesting assent to Officer Dodd's request, authority and control. Defendant then ran in the opposite direction out of the police station with the arresting officer in pursuit.[2]

When considered in the light most favorable to the state, the evidence shows that the arresting officer took control of defendant's movements by standing in front of him as he was seated in the police station and advising him that he was under arrest. The majority's analysis of cases addressing the circumstance of a fleeing suspect are not in point. The defendant was not fleeing when he was informed that he was under arrest. He was restrained by the officer's presence in front of him as he was seated in the police station. Furthermore, the defendant submitted to the custody of the arresting officer by arguing the merits of his arrest denying culpability for some eight to ten minutes, and by his action of standing as if to follow Officer Dodd toward the door of the secured area of the station, where he had been asked to go, before he fled.

The majority's position does not consider the evidence in the light most favorable to the state. Furthermore, in my opinion, the majority encourages the use of physical force or contact to restrain a person placed under arrest regardless of the surrounding circumstances. I believe these decisions are best left to the discretion of the arresting officer and that physical force or contact need not be encouraged in a circumstance where it does not appear warranted.

I would affirm the judgment of conviction for felonious escape from custody.

---

**2.** Officer Dodd testified that after her discussion of the charge with the defendant, "I assumed when he stood up he was coming, cooperative with me." Officer Dodd was then asked by the prosecutor: "Had you actually started to turn towards the door when he stood up?" To which Officer Dodd replied, "Yes." The prosecutor asked: "The door back into the police department?" Officer Dodd replied, "Yes."