STATE of Missouri, Appellant,

v.

Timothy BOYKINS, Respondent.

No. ED 93476.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 2, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 8, 2010.

Application for Transfer Denied
April 20, 2010.

Christina M. Sondermann, St. Louis, MO, for Appellant.

N. Scott Rosenblum, Eric Selig, Erin R. Griebel, Clayton, MO, for Respondent.

ROY L. RICHTER, Judge.

The State of Missouri ("State") appeals from the trial court's order granting Timothy Boykins' ("Defendant") pre-trial motion to suppress evidence. We reverse and remand.

## I. BACKGROUND

On June 2, 2008 shortly before midnight police observed Defendant standing in front of a vacant building with one hand placed under his shirt. The officers were in uniform, driving an SUV with lights on the top, and "Police" marked on the back, front and sides. One of the officers, Officer Michael Scego ("Officer Scego"), testi-

fied that while he did not observe Defendant committing a crime, his suspicions were aroused when he saw Defendant standing in front of a vacant house in an area known for criminal activity with his hand underneath his shirt. Such activity indicated to Officer Scego that Defendant was possibly armed with a weapon. The officers shined a spotlight on Defendant and yelled out to him.[1] Officer Scego testified that at this point Defendant was free to leave. However, Defendant ran, and because he ran, the officers gave chase.

While being chased, Defendant reached into his shirt and discarded a plastic bag. At some point after the bag was discarded, Officer Scego ordered Defendant to stop or a taser would be used. Defendant continued to run, Scego tasered him and Defendant was apprehended. Scego then retrieved the plastic bag which contained six capsules containing heroin.

Defendant was charged with possession of a controlled substance. Defendant filed a pre-trial motion to suppress bag of capsules containing heroin collected subsequent to the chase. The trial court granted the motion on the basis that (1) the police effectively stopped Defendant when they singled him out and shined their vehicle spotlight on him; and (2) the use of the spotlight rendered Defendant detained by police, thus his flight cannot be part of the circumstances used to support reasonable suspicion to stop Defendant. The State appeals.

## II. DISCUSSION

In the State's sole point on appeal, it argues that the trial court erred in granting Defendant's motion to suppress evidence because the bag containing the capsules of heroin was not the fruit of an illegal stop or "seizure."[2] We agree.

The trial court's ruling on a motion to suppress evidence will be affirmed unless it is clearly erroneous. *State v. Heyer*, 962 S.W.2d 401, 405 (Mo.App. E.D. 1998). If the ruling is plausible, in light of the record viewed in its entirety, we will not reverse even if convinced we would have weighed the evidence differently. *Id.* Rather, we review the factual findings only to determine if they are supported by substantial evidence, viewing the facts in the light most favorable to the trial court's ruling and disregarding contrary evidence and inferences. *Id.*

The State argues that the interactions between Defendant and the officers did not amount to a seizure until after he dropped the bag of heroin, and therefore the evidence was not the result of an unreasonable seizure.

A person is not seized until either being subjected to the application of physical force by the police or by voluntarily submitting to the assertion of police authority. *State v. Deck*, 994 S.W.2d 527, 535 (Mo. banc 1999); *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690(1991).

The trial court found that when the police shined the light on the Defendant, he was seized, without reasonable suspicion, and therefore Defendant's flight from

1. What exactly the officers yelled at Defendant was unclear. In his probable cause statement, Officer Scego set forth that he yelled "stop" to Defendant. However during testimony, Officer Scego indicates that one of the officers yelled out to Defendant, but not specifically that any of them said "stop." Defendant would later tell the officers that he did not know they were the police and thought he was fleeing a drive-by shooting.

2. Case law uses the terms "stop" and "seizure" interchangeably in reference to the "stop" or "seizure" of a person. *State v. Deck*, 994 S.W.2d 527, 535.

the light could not be part of the circumstances used to show reasonable suspicion to seize Defendant.

However, we find that the use of the light did not amount to a seizure of Defendant. Clearly, shining a light on the Defendant is not the application of physical force. Nor did Defendant voluntarily submit to the assertion of police authority even if we assume *arguendo* that shining a spotlight qualifies as a show of authority.

This finding is supported by the analogous facts of *Hodari*. In that case, a group was approached by police. *Hodari*, at 622–23, 111 S.Ct. 1547. When the group saw the police they ran away. *Id.* While fleeing from the police Hodari threw crack cocaine to the ground just before he was tackled. *Id.* The U.S. Supreme Court found that the officer's pursuit was a show of authority, and because Hodari did not submit to that show of authority, he was not seized until there was physical restraint by the police, i.e. when he was tackled. *Id.* at 629, 111 S.Ct. 1547. Therefore, the Court found that the drugs Hodari threw to the ground were not the result of the seizure. *Id.*

Our finding is further supported by the more extreme facts of *State v. Shahid*, 813 S.W.2d 38 (Mo.App. E.D.1991). In *Shahid*, the defendant ran after seeing police, who then gave chase. *Id.* at 39. The chase ended when the police cornered the defendant in an alley, pointed their firearms at him, and then ordered him to raise his hands above his head. *Id.* As the defendant was raising his hands, he threw a packet of cocaine to the ground which the police retrieved. *Id.* This Court found that the cocaine was not taken prior to the seizure because the defendant had not fully complied with the police officer's show of authority when he threw the cocaine away because he had not fully raised both hands above his head. *Id.* at 40.

The facts of this case are far less extreme. Here, no guns were drawn, and Defendant threw away the bag of heroin while still fleeing police. Since the actions in *Shahid* did not amount to a seizure, the mere shining of a light does not constitute a seizure.

Therefore, we find that shining a light on Defendant did not amount to a seizure. Because Defendant threw away the heroin before being seized, it is not the fruit of an illegal seizure and therefore should not have been suppressed. Point granted.

### III. CONCLUSION

The judgment of the trial court is reversed and remanded.

KENNETH M. ROMINES, C.J., and KURT S. ODENWALD, J., concur.